PRISCILLA WALKER, FRANK WALKER and others *v.* A. A. SHARPE.

The Court below has no right to entertain a petition on the part of one entitled to the sole and separate use of certain property during her natural life, and then to her children, and her children, praying to have such property delivered over to the children, and such proceeding will be dismissed as on demurrer.

CIVIL ACTION tried before *Mitchell, J.,* at Fall Term, 1872, of the Superior Court of IREDELL county.

In the complaint, the plaintiffs demand an account of the fund in the hands of the defendant, and the payment of the balance when ascertained, "to the children of the said Priscilla," the petitioner.

The fund arises under the will of Wm. Welch, a brother of the plaintiff, Priscilla, who died in the State of South Carolina. In his will, the testator directs his property of every description except negroes, to be converted into cash, and then divided into nine shares, each one of which is given to his several brothers and sisters, among the latter of whom he mentions Priscilla Walker. The testator further directs that the share to which each of his sisters shall be entitled, shall be settled for her sole and separate use during her life, and at her death to her children, and to the children of any predeceased child, such child or children to take the share of their deceased parent. In a codicil to his will, the testator appoints Wm. Welch, who is also executor, trustee for his sisters, and empowers him to sell any of the said property, if it should become to be the interest of the sisters and their children to do so, and reinvest the proceeds of such sale in such other real and personal property as he may think most to their advantage, taking titles to himself, as such trustee, upon the terms, conditions and limitations mentioned in his will, as to each of his said sisters.

The plaintiff, Priscilla's husband, died in 1857, and before,

the commencement of the present action, the trustee had not been changed until the present defendant was appointed by a Court of Equity. At Spring Term, 1871, it was referred to the clerk to state an account of the fund in the hands of the defendant as trustee. Upon the coming in of the report of clerk, the plaintiffs filed exceptions, which were disposed of by his Honor, to-wit:

1. That the clerk allowed the defendant credit for all his payments, regardless of interest. It is considered by the Court below, that the testator in providing for his sister by giving her the sole and absolute use of the property devised and willed to her during life, intended it as a provision for her family, and involved the expenses of such a provision. The exception is overruled.

2. Clerk has not stated an interest account from year to year, or how much interest, year by year, was due and how much paid out. By the Court below. Distinct vouchers were produced for each and every payment.

3. That defendant is allowed credit for payments to plaintiff Priscilla, exceeding yearly income. Overruled. Reason in answer to first exception.

4. That the clerk allowed credit for $600 paid for negro Vice, and allowed credit for interest $329. By the Court. At the urgent application of the plaintiff, Priscilla, her son of full age, and her son-in-law, and against the protestation of the defendant, as trustee, he made the purchase that was not opposed by any person. He charges interest, as he advanced the money for the benefit of the trust fund.

5. As to the price of Vice, there is no evidence or pretence that it was excessive. Confederate money at the time, 1863, was the common currency.

From this decision of his Honor, overruling their exceptions, and confirming the report of the clerk, the plaintiffs appealed.

*W. P. Caldwell*, for appellants.
*Furches*, contra.

PEARSON, C. J. This action presents on its face several peculiar features.

The defendant holds a fund in trust for the separate use and maintenance of the plaintiff, Mrs. Priscilla Walker, during her life, and then for her children and their representatives. The complaint, without an allegation that the fund is unsafe in the hands of the defendant, demands that the fund shall be paid over to the children, on the ground, "that owing to the casualties of the war and other causes, the plaintiffs, who are the children of said Priscilla, are greatly in need of funds; and the plaintiff, Priscilla, is desirous that they should now have the use of the fund, and is desirous that the same be paid over now to her children, instead of waiting until her death; and the other plaintiffs are desirous to take the fund, and if the Court requires it, they are willing to enter into bond to pay to the said Priscilla the interest, or exhibit to the Court her release to them for the same, which she is ready to give."

Here we have an instance of an unblushing attempt on the part of the children and sons-in-law of a weak old woman to get the sanction of the Court to a surrender of all her estate and her only means of maintenance, and thereby to subject herself to the tender mercy of the plaintiffs, who, "owing to the casualties of the war are greatly in need of funds."

The defendant does not object to being relieved of the trust fund, and submits to an account. The plaintiffs except, for that the master has allowed the defendant credit for expenses of the plaintiff Priscilla, exceeding the annual interest of the fund.

If this exception be made in the name of the plaintiff, Priscilla, the reply is, as the expenditure was made at her

instance and request, she has no right to complain. If it be made in the name of her children and sons-in-law, the reply is, wait until your time comes. It may be, that the annual interest now accruing, by the time Mrs. Walker dies, by prudent administration, will enable the trustee to balance the account.

There was no error in overruling the exception. A further exception was taken, for that the defendant is allowed credit for the price of the negro woman "Vice," which was lost to the fund by reason of emancipation.

This purchase was made at the express request of Mrs. Walker, and had the full concurrence of her sons-in-law and children; so the objection comes with an ill grace from them, "their mouths are shut." There was no error in overruling the exception. On confirming the report no decree (or judgment, as we now call it,) is entered.

From "the looseness of pleading" we are not able to say what judgment his Honor was about to pronounce except for the fact that his mouth was shut by the appeal.

This opinion will be certified, to the end that judgment may be entered dismissing the action as upon a demurrer in respect to Priscilla Walker, because she shows no cause of action, and in respect to the other plaintiffs because they have no interest in the fund until after the death of said Priscilla, and the consent on her part to surrender the life estate in favor of her children is not based upon any valuable consideration and is not entitled to the sanction of the Court.

Besides the principle that a Court of Equity will not enforce a voluntary executory agreement, there is in this case the further difficulty, the slave of a *feme covert*, should the husband die before the termination of the life estate, will devolve upon the wife, if she be surviving; if not, then upon her child or children. So the sons-in-law of Mrs. Walker have no present vested interest in the fund, which

·may be endangered if allowed to pass into their possession 'with the sanction of the Court.

PER CURIAM.                    Complaint dismissed.