PRISCILLA WALKER and others v. A. A. SHARPE.

When it is alleged in the complaint that the defendant, a trustee, has become insolvent, and is using the fund for his own private advantage, refusing to pay the accrued interest, &c., and that his bond as trustee has become insolvent or of doubtful solvency, the plaintiffs are entitled not only to an enquiry as to the solvency of defendant's bond, but also to an account of the condition of the trust fund.

CIVIL ACTION, brought for the purpose of removing a trustee and securing a certain trust fund, heard before *Mitchell, J.,* at the Fall Term, 1864, of IREDELL Superior Court.

It is alleged in the plaintiff's complaint that the defendant is a trustee of an estate of some $5,000, which belongs to the plaintiff Priscilla for life, and to the other plaintiffs after her death, as her sons, sons-in-law and daughters. That defendant has become insolvent, is using the funds for his own private use, refusing to pay the interest accrued thereon, and that his bond as trustee have become insolvent or of doubtful solvency.

In his answer the defendant admits that he is the trustee, and that by the results of the war he was unable to pay his own debts; but he positively denies that he had used any of the trust fund for his individual purposes, and that his bond as trustee was insolvent or even doubtful, and also denied that he had failed to pay the plaintiff any interest which was due her from said fund. Defendant further alleged that in a suit lately pending in the Superior Court of Iredell county between the same parties, an account of said trust fund was ordered and taken, from which account it appeared that only the sum of $32 was due on said fund over and above the notes of the trustee in possession, which were declared to be good and were so allowed to defendant. That the plaintiffs excepted to said account upon the grounds that defendant had paid to the plaintiff Priscilla $600 more than was due her as accrued interest.

When the present case was called the plaintiff moved the Court for a reference to ascertain the condition of the trust

fund in the hands of defendant, and also for a reference to ascertain the condition and solvency or insolvency of defendant's bond.

His Honor allowed the latter motion, but refused to order a reference to ascertain the condition of the trust fund, stating that an account of that fund had been so recently taken it was unnecessary at the present time.

The plaintiffs then moved the Court to order so much of defendant's answer as charged the plaintiffs, or any of them, with intending or endeavoring to cheat or defraud the defendant, to be stricken out as scandalous and impertinent.

His Honor refused to strike out any part of defendant's answer; from which several rulings the plaintiffs appealed.

*Folk & Armfield*, for appellants.
*Furches*, contra.

SETTLE, J.   When the case between the same parties about the same subject matter was before us at a previous term, reported in 68 N. C. Rep. 363, there was no allegation that the fund was unsafe in the hands of the defendant, and for the reason stated in the opinion of this Court the action was dismissed without entering any judgment upon the report of the Clerk.

But in this action it is alleged that the defendant has become insolvent and is using the fund for his own private advantage, refusing to pay the interest accrued thereon, and that his bond as trustee has become insolvent or of doubtful solvency.

His Honor directed an inquiry as to the solvency of the defendant's bond, but declined, at that time, to order a reference to ascertain the condition of the trust fund in the hands of the defendant, on the ground that there had very recently been an account of the condition of the fund.

As the first action was dismissed the account went with it and amounted to nothing.

And now, in view of the allegation of the insolvency of the defendant and the abuse of his trust, made in this action for the first time, we feel constrained to say that the plaintiffs are entitled not only to an inquiry as to the solvency of the defendant's bond, but also to an account of the condition of the fund.

It is one of the principal and most important duties of a trustee that he should keep regular and accurate accounts, and that he should be always ready to produce those accounts to his *cestui que trust.*   Adams' Eq. 57.

We deem it unnecessary to action the notice of the plaintiffs to have a portion of the answer of the defendant stricken out for being scandalous and impertinent. Nor do we see any reason why the language of the Chief Justice, in delivering the opinion of the Court when the other case was before us, to characterize the conduct of a portion of the plaintiffs, should be modified.

Indeed we are at a loss to understand why the plaintiffs make the allegations of insolvency and unfitness against the defendant for the first time, after they had failed in the other action, when the facts should have been as well known to them then as now.

Let this opinion be certified to the end that the Superior Court may proceed in conformity thereto.

PER CURIAM.                              Judgment accordingly.