R. A. TYSON and others v. MARTHA BELCHER and others.*

*Practice—Motion in the Cause—Judgment, Irregular or Fraudulent, how Attacked—Infants—Next Friend of Infant.*

1. A judgment of the Superior Court, directing a sale of lands upon the *ex-parte* petition of those interested, cannot be attacked collaterally for irregularity where the record is apparently regular on its face.

2. A judgment may be set aside for irregularity by motion in the cause. After a case is ended, the judgment may be attacked and vacated for fraud by an independent action.

3. Where the lands of infants are sold under an order of the Superior Court upon an *ex-parte* petition, in which the infants are represented by next friends, it is presumed that the Court protected their interests, and was careful to see that they suffered no prejudice.

This was a CIVIL ACTION, tried at the June Term, 1888, of the Superior Court of PITT County, before *Avery, J.*

It appears that Sherrod Tyson died in 1866, leaving a last will and testament, which was duly proven. The plaintiffs are his heirs-at-law and the devisees of his will, including the executrix thereof, and bring this action to recover the land described in the complaint, and presently to be again mentioned. By his will, the testator bequeathed and devised all his property, both real and personal, including the land in controversy, to the plaintiffs, to be owned, used and enjoyed as by the will provided.

Afterwards, at Spring Term. 1875, of the Superior Court of the county of Pitt, the present plaintiffs filed their *ex-parte petition* in that Court, describing the land now in controversy, and, for causes and purposes therein alleged and specified, prayed the Court to order and direct a sale of the land and the application of the money arising from such sale, in

*Avery, J., did not sit.

lieu of it, for the benefit of the plaintiffs, not inconsistent with the provisions of the will, &c. Some of the petitioners were infants and sued by their mother, as their next friend, and she also was a petitioner. Before hearing affidavits and inquiry as to the expediency and propriety of a sale of the land, &c., the Court granted the prayer of the petitioners, and entered an order directing a sale of the land.

This order was expressly approved by the Judge of the Court.

Afterwards, the land was sold in pursuance of such order, and William Belcher, under whom the defendants claim, became the purchaser thereof. This sale was confirmed by proper order, made by the presiding Judge in term time; this order directed the application of the purchase money, and that the commissioner appointed to sell the land make title to the purchaser, which he did by his deed executed on the 20th of December, 1878.

On the trial, the defendants offered in evidence a transcript of the record of the proceeding, the substance of which is set forth above. The plaintiffs objected to its admission, upon the ground—first, that such record was void upon its face for irregularities; and, secondly, because the order of sale therein set forth, and the sale of the land in pursuance of it, were contrary to the provisions of the will mentioned above.

The Court overruled the objection and admitted the evidence, and the plaintiffs excepted.

" The Court intimated a purpose to instruct the jury, that by virtue of the proceeding to sell the land in controversy, the legal title to the land in controversy passed to William Belcher, and that the validity of the decree and sale in that proceeding could not be attacked in this action, and that the jury must find the issue submitted, for defendant."

In deference to this intimation of the Court, the plaintiffs suffered a judgment of nonsuit, and, having excepted, appealed to this Court.

102—8

*Mr. A. W. Haywood,* for the plaintiffs.
*Mr. C. M. Bernard,* for the defendants.

Merrimon, J. (after stating the facts).   From an exami-
nation of the transcript of the record of the *ex-parte* special
proceeding, objected to as evidence, it appears that the Court
could properly have, and did take, in an orderly way, juris-
diction of the parties to and the subject-matter of, the pro-
ceeding.   The petitioners were represented by counsel and
the petition was filed as allowed by the statute (*The Code,*
§ 286).   If there were irregularities at all in the course of
the proceeding they certainly were not such as rendered it,
or the orders and judgment therein entered, absolutely void;
at most they were only voidable, and could not, therefore,
be attacked collaterally.   In such case the remedy would be
by a proper motion in the proceeding itself.   If it were
affected by fraud, then, as it is ended the remedy would be by
an independent action, for the purpose of having the judg-
ment, or the whole proceeding, accordingly as the case might
be, adjudged void for fraud.

Nor has the second ground of exception any force.   By
the will mentioned, the land in question was devised to
the present plaintiffs, who were parties to the special pro-
ceeding referred to; it belonged to them and they had the
right to petition the Court to sell the same as they did   Those
of them who were of age could sell and dispose of their inter-
est in and title to the same, and bind themselves effectively
in a judicial proceeding.   As to the infants, they could sue
by their next friend, as they did, and the Court had juris-
diction of them and as well of their lands embraced by the
proceeding.   The Court had jurisdiction of them and their
land, and in contemplation of law it was careful to see that
they suffered no prejudice.   These authorities fully sustain
what we have thus said :   *Williams* v. *Harrington,* 11 Ired.,

616; *Sutton* v. *Schonwald,* 86 N. C., 198; *Fowler* v. *Poor,* 93 N. C., 466; *Tate* v. *Mott,* 96 N. C., 19; *Ward* v. *Lowndes, ibid.,* 367; *Edwards* v. *Moore,* 99 N. C., 1; *Brickhouse* v. *Sutton, ibid.,* 103.

No error. Affirmed.