ALABAMA COFFIN, W. F. COFFIN et al. v. G. A. COOK.

*Action to Recover Land — Special Proceeding — Guardian ad litem—Service on Infants—Irregularities—Motion.*

1. In an action for the recovery of the possession of land, defendant, in support of his title, offered in evidence a special proceeding and order for sale of land for assets and deed thereunder, to which plaintiff objected because it did not appear that the guardian *ad litem* appointed for the *feme* plaintiff, who was a party to the proceeding, was served with summons, or appeared or filed any answer. Summons was served upon the infant according to law: *Held*, there was not such irregularities as made the proceeding void.

2. At most, such proceedings were only voidable, and could not be attacked collaterally except for fraud or by motion in the cause when made in apt time.

3. The fact that the purchase-money was not paid until three months after sale, and that deed was not made directly to the bidder in accordance with the order of sale, but to a third party, who advanced the money for him, were not such as the plaintiff (the petitioner) could complain of, after the lapse of years, even though it might have been the duty of the Court, if these facts had thus appeared, to have set aside the sale.

4. When the executor, in this case, exercised a power conferred by an order of the Court in the execution of the deed, but failed to recite therein the source of his authority, the implication is that he exercised the power so conferred.

This was a CIVIL ACTION, tried at Fall Term, 1889, of MECKLENBURG Superior Court, before *Connor, J.*, for the possession of some land.

The facts are set out in the opinion.

*Messrs. E. T. Cansler* (by brief), *A. Burwell* and *P. D. Walker*, for plaintiff.

*Mr. C. W. Tillett*, for defendant.

MERRIMON, C. J.: The plaintiffs showed apparent title to the land described in the complaint. The defendant relied upon the validity and sufficiency of orders and the judgment in a special proceeding, wherein the *feme* plaintiffs

were parties defendant, to sell this land to make assets to pay debts of the testator therein named.  He contends that the proceeding mentioned was valid, and at the sale therein of the land he purchased it, paid the purchase-money and obtained a deed of conveyance therefor under and in pursuance of an order of the Court sufficient to put the title to it in him.

The plaintiffs insist " that said special proceedings are void, for that no summons was served on H. K. Reid, guardian *ad litem* of the *feme* plaintiffs, who were infant defendants in said special proceeding, and that said guardian did not appear or answer in said special proceeding, and further, that no notice of the motion to appoint said guardian was served on said infants."

It appears from the record of the special proceeding that the *feme* plaintiffs were defendants therein—one of the age of six and the other of four years; that "notice issued to" them, and that W. K. Reid was appointed *guardian ad litem* for them.  It does not appear affirmatively that he was served with process, nor that he answered for his wards.  It does appear from the record that a summons was issued for them and others, and that the Sheriff returned the same as to them as follows: "Executed August 25, 1870, by delivering a copy to Alabama and Teresa Downs, who are infants"; and he also returned that he had served the same by delivering a copy "to Nancy Downs, mother of Alabama and Teresa Downs, who are infants."  Such service was made as prescribed by the statute (*The Code*, § 217, par. 2), declaring how service of summons shall be made on minors.  Regularly, the guardian *ad litem* should have been served with summons and a copy of the complaint (*The Code*, § 181), and he should have made answer for the infant defendants named.  This was not done, so far as appears.  There was, hence, possible irregularity.  The presumption, however, is that the guardian was regularly appointed, and that he took

notice of his appointment, nothing to the contrary appearing in the record.

But such irregularity, if it existed, did not render the special proceeding, or the orders, judgment and other proceeding therein void. The Court obtained jurisdiction by virtue of the service of process—the summons. The infant defendants were before the Court, and the presumption is in favor of the sufficiency and validity of what was done in the course of the proceeding. At most, the orders and judgment were only voidable, and they could not be attacked collaterally; this could be done only by proper motion in the proceeding, except that the same might be attacked for fraud by an independent action brought for that purpose. *England* v. *Garner*, 90 N. C., 197; *Hare* v. *Holloman*, 94 N. C., 14; *Sumner* v. *Sessoms*, 94 N. C., 371; *Syme* v. *Trice*, 96 N. C., 243; *Tyson* v. *Belcher*, 102 N. C., 112.

On the trial it was admitted that the petitioner (executor), in the special proceeding mentioned, sold the land therein specified—that now in controversy—in pursuance of the order of sale therein; that before the day of sale, the defendant had expressed his willingness to bid $5.50 *per acre* for the land; that on the day of sale, he was not present at the sale; that the petitioner requested one J. M. Beavers to bid that price for the land, and he did; that the sale so made was reported; that no part of the purchase-money was paid that day, or at the time of the order for confirming the sale; that said Beavers never made any assignment of his bid, and his was the only bid; that on the day of the sale defendant had notice that he had so bid for the land at the petitioner's request, and that no part of the purchase-money had been paid; that about three months after the sale, the petitioner notified the defendant that he must pay the purchase-money; that an arrangement was then made in pursuance of which John T. Downs advanced the money and took a deed from the petitioner, with the understand-

ing that he would convey the land to the defendant upon the payment to him of the money he so advanced; that the defendant afterwards so paid the money and took title for the land from said Downs; that the money so paid to the petitioner was applied to the discharge of the debts of the testator mentioned in the special proceeding; that the defendant paid the petitioner rents for the land until Downs took the deed therefor.

The jury found, by their verdict, that the said Beavers bid off the land for the defendant, and that the price bid therefor was a fair price for it on the day of the sale.

The order of sale directed that the land be sold, one-half of the price bid to be paid at once, the balance to be due at six months, secured by bond and security. The petitioner reported the sale to the Court, and that the purchaser had complied with the terms. Affidavits were filed stating that the land sold for a fair price. Thereupon, the Court confirmed the sale, and directed the petitioner "to collect the money when due and make title to the purchaser."

The plaintiffs insisted, secondly, that in view of the facts thus appearing, the sale, the order confirming the same, and the deed executed by the petitioner in pursuance thereof, were void, or, at all events, voidable, in the discretion of the *feme* plaintiffs.

We think this contention rests upon no substantial foundation. There was some iregularity—want of good faith on the part of the petitioner as to the report of the sale of the land, and some delay in the payment of the purchase money, but not to such extent as to prejudice materially the rights of any party interested. If the pertinent facts, as they now appear, had been made to appear to the Court shortly after the making of the order confirming the sale, it might, perhaps, have set it aside and ordered a re sale; but it certainly would not do so after the money had been paid and applied to the payment of the debts of the testator of the petitioner,

and after the lapse of years. The property was sold, after due notice, at fair, open sale; it brought a fair price; the price was, after some delay, paid and the money duly applied. The mere facts that the petitioner suggested to the defendant that he buy the land, that defendant said he would bid the price mentioned, that in his absence on the day of sale the petitioner requested a third person to bid the price named for the defendant, not for himself, were not, of themselves fraudulent. They could not, in their natures, necessarily affect the plaintiffs or any person interested adversely. The petitioner did not buy—he was not to share in the purchase or to be benefited in any way—his purpose was to sell the land for the purposes contemplated by the law; the land brought a fair price; it does not appear, it is not suggested, that it was worth or would have brought more but for the facts complained of.

The person who made the bid for the land was not the purchaser—the defendant was. It was not essential that the bidder should know who was the purchaser, if the latter was known to the seller. Nor could the fact that the sale was reported as that of the bidder prejudice the defendant. Certainly it could not if the bidder did not interfere; and he did not.

The arrangement by which Downs took the title temporarily, and paid the purchase-money for the benefit of the defendant, did not at all concern the plaintiffs. The purchaser at the sale—the defendant—having paid the purchase-money, might direct the petitioner to convey the title to Downs, or such person as he might indicate. In that case, the right to have the title, or to direct it to be made to some particular person, was that of the purchaser. *Smith* v. *Kelley*, 3 Murph., 507; *Ward* v. *Lowndes*, 96 N. C., 381, and cases there cited.

It is further contended that the deed from the petitioner to Downs does not recite or sufficiently refer to the order by

virtue of which he executed the same, and, therefore it is inoperative, and did not pass the title to the land. This ground of contention is not tenable. The special proceeding brought by the petitioner as executor of James B. Griffith, deceased, and all the orders and the judgment therein are so specifically entitled. The deed so describes the petitioner, and he purports and professes to exercise authority and power, as such executor, to make the deed. The implication of law is, that he exercises such authority as he might properly exercise as such executor, and the deed contemplates and relates to such authority, the order in the proceeding directing him to collect the purchase-money, when due, and make title to the purchaser. If it appears that the power is exercised, that is sufficient without formal recitals. Such recitals are convenient and useful in most cases, as showing the purpose more certainly to exercise the power, and they serve as well to point to evidence of it. Indeed, in some cases recitals are, in some measure and for some purposes, evidence.

Judgment affirmed.