This action, in the nature of a bill in equity, is brought by A. W. Haywood and B. S. Robinson, executors and trustees under the last will and testament of Charles T. Holt, deceased, against defendants Wachovia Loan Trust Co., guardian of the estate of Louise M. Holt, an infant, and Mrs. Gena J. Owen, guardian of the person of said infant, and the other defendants who claim an interest, in remainder, in the property disposed of by the will of the said Charles T. Holt, deceased. The facts, in regard to which there is no substantial controversy, are: Charles T. Holt, lately domiciled in the county of Alamance, in this State, on 23 August, 1899, made and published (210) his last will and testament, in which he gave to his mother, Mrs. Louise M. Holt, "for and during her natural life, the proceeds of a policy of insurance on his life, for the sum of ten thousand dollars, with the remainder after the life estate given my said mother to my daughter, Louise M. Holt, and her issue, and to my sisters, Cora M. Laird, Louise M. Haywood and Ella M. Wright, and their issue, in the estates and manner and subject to the limitations and conditions mentioned, stated and set out in item four of this my last will and testament. I do hereby direct my executors, hereinafter named, to collect said policy of insurance as soon after my death as possible and invest the proceeds thereof for the benefit of the parties in this item mentioned, paying to my said mother the net income thereof as long as she shall live." He gives to his wife the proceeds of certain insurance policies on his life, amounting to $81,000; also certain real estate and other personal property. He directs his executors to collect the insurance policies and pay the proceeds over to his wife. He expresses a wish that she shall, at her death, make certain disposition of the *Page 154 
proceeds of said policies, but expressly says that his wish is not to be treated as obligatory. The fourth item of the will is in the following words:
"4. I give, devise and bequeath to my daughter, Louise M. Holt, and her heirs, subject to the limitations and conditions in this item annexed and imposed, all the balance of my property and estate, real, personal and mixed, wheresoever the same may be or be situated, including all my stock in the Granite Mfg. Co., the Thomas M. Holt Mfg. Co., and the Cora Mfg. Co., and the remainder, after the life estate of my mother, Louise M. Holt, in the proceeds of Policy No. 582170 in the New York Life Insurance Co. of New York City, for ten thousand dollars; to her, the said Louise M. Holt, in fee simple, provided and subject to the limitation and condition that she shall have and leave alive at (211) the time of her death, a child or children, or the issue of such child or children, should any such child or children of hers predecease her and leave issue alive at the time of her death; but should my said daughter, Louise M. Holt, die leaving no child or children, or the issue of such, alive at the time of her death, then, and in that case, I do hereby will, give, devise and bequeath all the property and estate in this my last will and testament given, devised and bequeathed to my said daughter, Louise M. Holt, to my sisters, Cora M. Laird, Louise M. Haywood and Ella M. Wright, absolutely and in fee simple, equally and share and share alike, alive at the time of the death of my said daughter, Louise M. Holt, and to the issue then alive, of such of my said sisters as may be dead at that time, the issue representing their parents, and taking such share as he or she would have taken if alive at that time, to them and their heirs absolutely and in fee simple. And I hereby direct my executors, hereinafter named, to pay all my just and honest debts and funeral expenses out of the dividends that may be earned and declared on my stock in the Granite Mfg. Co., the Thomas M. Holt Mfg. Co., and the Cora Mfg. Co., and I hereby charge said stock with the payment of said debts and funeral expenses, and no dividends from said stock shall be paid to any of the legatees under this my last will and testament, until and after said debts and funeral expenses shall have been paid in full.
"5. I hereby nominate, constitute and appoint A. W. Haywood and B. S. Robertson, of Haw River, N.C. executors and trustees to carry out and perform the trusts herein declared, and I hereby revoke all former wills by me made."
On __ day of ____ 1900, said testator executed the following codicil to his will:
"Whereas, by my last will and testament, I did in item 2 thereof give, devise and bequeath the proceeds of policy No. 582170 in the New York *Page 155 
Life Insurance Co. of New York City for ten thousand dollars to the parties and in the manner, upon the terms, conditions and (212) estates in said item set out and mentioned; and whereas since the execution by me of said last will and testament, my mother, Louise M. Holt, has died, and I desire to make other and different disposition of the proceeds of said policy of insurance, I hereby direct my executors to pay all my just and honest debts and funeral expenses out of the proceeds of the said policy of insurance. In case all of the proceeds of said policy of insurance are not necessary for the payment of said debts and expenses, I give, devise and bequeath any balance of said proceeds that may remain, after the payment of said debts and expenses, to the parties, save and except my said mother, Louise M. Holt, now dead, and in the estates and upon the same terms and conditions as are set out in my said last will and testament. And in case said proceeds of said policy of insurance are not sufficient to pay all my just and honest debts, then I hereby direct my executors to pay such portions of them as remain unpaid after applying said proceeds of said policy of insurance as above directed, in the manner and from the funds named, mentioned and set out in item 4 of my said last will and testament.
"And whereas, in my said last will and testament, I have made no provision for the guardianship, custody and tuition of my infant daughter, Louise M. Holt, I do hereby, in case she shall be living at the time of my death and be under the age of twenty-one years, appoint, and my will is, that my wife, Gena M. Holt, sometimes called Gena J. Holt, shall have the possession, custody and tuition of my said daughter, Louise M. Holt, for such time as she may remain under twenty-one years of age; and in case of her death during the minority of my said daughter, then and in that case, I will and appoint that my sister, Louise M. Haywood, sometimes called Daisy Haywood, shall have the custody and tuition of my said daughter during her minority. And I earnestly entreat their utmost care, respectively, in and about the morals and (213) education of my said daughter, and desire that she may be brought up and instructed in the doctrines of religion.
"And it is my will and desire, and I hereby will and appoint and request, that the Wachovia Loan and Trust Co., of Winston, N.C. of which Mr. Frank Fries is now the president, be made and appointed by the proper legal authorities the guardian of the property and estate of my said daughter for such time as she may remain under twenty-one years of age.
"And in all other respects, I do hereby ratify and confirm my said last will and testament, of which this codicil is hereby declared to be a part."
The testator died on the __ day of December, 1900, the will and *Page 156 
codicil were duly admitted to probate, and the plaintiffs duly qualified as executors thereto. Defendant Trust Company was, on 20 December, 1902, duly appointed guardian of the estate of the infant defendant Louise M. Holt. The executors have paid the debts and made a final accounting and settlement of the estate of their testator, which has been audited by the clerk of the Superior Court of Alamance County. They hold, subject to the provisions of the will and codicil thereto, 1230 shares of the common stock of the Holt Granite Manufacturing Company of the par value of $123,000; $1,400, full value, North Carolina 4 per cent bonds, with coupons attached, $601.89, to their credit in bank. Since the death of the said Chas. T. Holt, his widow, Mrs. Gena J. Holt, has intermarried with defendant, Horace T. Owen, and with her infant daughter, defendant Louise M. Holt, resides at Trenton in the State of New Jersey. She is about the age of eight years. The amount invested in the North Carolina bonds is derived from the sale of the Linwood plantation, pursuant to the terms of the will of the late Governor Thos. M. Holt, father of the testator, and of certain "Trustee Notes," (214) referred to in the pleadings. The shares of stock in the Holt Granite Manufacturing Company represent the stock owned by the testator at the time of his death, as set forth in the complaint. The plaintiffs allege:
That said A. W. Haywood and B. S. Robertson, executors as aforesaid, are ready and anxious to make a final settlement of the estate of their said testator, and to pay, deliver and turn over to the parties entitled thereto, all the assets belonging to the estate of their said testator as soon as they can safely do so, but owing to difficulty arising from the obscure and uncertain terms of some of the clauses of his last will and testament and codicil thereto, they desire for their protection to obtain the construction of the terms of said will and codicil by the court, and directions from the court as to their duties in the premises, and to that end they ask the court for a solution of the following questions arising upon the construction of said Charles T. Holt's will and codicil as follows:
First. Is it the duty of said A. W. Haywood and B. S. Robertson as executors under said last will and testament and codicil thereto of Chas. T. Holt, to hold, invest and manage all the estate of said Chas. T. Holt, now in their possession as aforesaid (except said North Carolina bonds bought with his share of the proceeds of sale of said Linwood plantation), until the death of the said Louise M. Holt, paying the income therefrom during her life to her or to said Trust Company as her guardian until her arrival at the age of twenty-one years, and thereafter to said Louise, herself, until her death, and, at her death, to pay *Page 157 
over and deliver the corpus thereof to the parties entitled thereto under the provisions of said Chas. T. Holt's will and codicil?
Second. Is it the duty of said A. W. Haywood and B. S. Robertson, under said last will and testament and the codicil thereto of Chas. T. Holt, to hold, invest and manage said North Carolina bonds bought with his share of the proceeds of sale of said Linwood plantation until the death of said Louise M. Holt, paying the income therefrom (215) during her life to her or to said Trust Company as her guardian until her arrival at the age of twenty-one years, and thereafter to said Louise, herself, until her death, and at her death to pay over and deliver the corpus thereof to the parties entitled thereto under the provision of said Chas. T. Holt's will and codicil?
The plaintiffs ask the instruction of the Court, whether it is their duty to turn over and deliver to themselves, as trustees, the property set out in the complaint. They also ask a construction of the will in regard to their duty when Louise M. Holt reaches the age of twenty-one years.
His Honor held that the plaintiffs, A. W. Haywood and B. S. Robertson, are constituted trustees, by said will, and that as such trustees it is their duty to receive from themselves as executors, upon a final accounting and settlement of the estate of their testator, the property and estate given to Louise M. Holt, subject to the limitations set forth in the will; to invest and hold said estate and pay the income therefrom, less cost and expenses, to defendant Wachovia Loan and Trust Company until her arrival at the full age of twenty-one years, and thereafter to the said Louise M. Holt, and, upon her death, to deliver the corpus of the estate to the parties then entitled under the terms of the will of said Chas. T. Holt and the codicil thereto. His Honor further held that any accumulation of income, in the hands of the guardian, be paid over to said Louise M. Holt upon her arrival at full age. From the judgment rendered the defendant, Wachovia Loan and Trust Company, guardian, and Horace T. Owen, guardian aditem of the said Louise M. Holt, appealed.
After stating the case: The jurisdiction of the (216) Superior Court to entertain and decide this action is derived from the jurisdiction vested in the courts of equity, as it was constituted in this State, prior to the Constitution of 1868, by which the courts of equity, as distinct branches of our judicial system, were abolished, and the jurisdiction vested in them conferred upon the *Page 158 
Superior Court. The jurisdiction of the court of equity grew out of its general control over trusts and trustees. In Tayloe v. Bond, 45 N.C. 5,Pearson, J., says: "The jurisdiction, in matters of construction (of wills) is limited to such as are necessary for the present action of the court, and upon which it may enter a decree, or direction in the nature of a decree . . . A court of equity can only take jurisdiction when trusts are involved, or when devises and legacies are so blended and dependent on each other as to make it necessary to continue the whole in order to ascertain the legacies; in which case the court having a jurisdiction, in regard to the legacies, takes jurisdiction over all matters necessary for its exercise."
We do not entertain any doubt, nor is it denied, that the estate given by the testator to his infant daughter, Louise M. Holt, is subject to the limitations imposed upon it; that she takes the property in fee, if that term may be used as descriptive of an estate or interest in personalty, subject to the "limitation and condition that she shall have and leave alive at the time of her death, a child or children, or the issue of such." Upon failure of such child or children or the issue of a child or children living at her death, the property is given to the defendants, who are the sisters of the testator, absolutely, etc. It is not necessary, to enable the executors to discharge the trust reposed in them, for us to decide whether, by implication, the property is limited to such child or children or the issue thereof, who may be living at the death of Louise M. Holt, or whether she takes the absolute interest, subject to be divested by her death without a child or children, or the issue of such, (217) living at her death. This question may never arise and, if it does, it is by no means certain that the present defendants will be interested in its settlement. That the limitation is valid and that the sisters of Chas. T. Holt are interested in the preservation of the corpus of the property, to meet the contingency of Louise M. Holt dying without issue or the issue of such living at her death, is clear; that the testator recognized, and provided for this contingency by the appointment of trustees to hold the corpus of the property, is manifest from the language of the will.
It is, of course, of vital interest to the trustees and the Wachovia Loan and Trust Company to know what duties are imposed upon them and what rights are vested in them in respect to the control of the property. Whether, in view of the size of the estate, the age of the child and the probable income expected from the property, the case falls within that class of cases decided by this Court, wherein the executors are required to hold the property and pay over the income to the first beneficiary, is doubtful. The property is given as the residue of the estate, after payment of debts. Smith v. Barham, 17 N.C. 420 and Ritch v. *Page 159 Morris, 78 N.C. 377, represent one class, while Tayloe v. Bond, supra;Britt v. Smith, 86 N.C. 305, fall in the other class wherein it is held that the first taker is entitled to the possession of the property. While the courts endeavor to follow the general rule announced in these cases, in construing wills, yet, as said by Ruffin, J., in Britt v. Smith, supra:
"At most, the rule is one of construction, designed to give effect to the intention of the testator, and will yield whenever he manifests a different one or when it cannot be applied without defeating what seems to be his purpose; and it is therefore the duty of the court, in every such case, to look at the whole will to ascertain, if possible, the intention there disclosed." We had occasion to examine the question and review the decided cases at this term. In re Knowles, 148 N.C. 461. It is an elementary and universal principle that, in the (218) construction of a will, the courts will, if possible, effectuate every provision contained in it and not nullify any provision unless manifestly repugnant to some other one, in which event they will give effect to the last provision.
With this principle as our guide, we seek to ascertain the intention of the testator with regard to the persons who should control the property given to his infant child, to meet the contingencies created by him. He was a man of intelligence, evidently well advised as to the condition of his estate and of his family. His will was evidently made in view of the probability that he would not long survive its execution. He knew that the income from his estate would exceed the amount necessary for the support and education of his child. He had made ample provision for his wife. He must have known that, pursuant to the limitations placed upon the estate given his daughter, it would be necessary to provide some means for giving effect to them by retaining, in the hands of some one, the corpus of the estate; that when she arrived at twenty-one years of age the guardianship of her person and her estate would cease, and that the guardian would have no power to retain the property. In view of these conditions he provided, in effect, that, after the settlement of his estate, payment of his debts, etc., A. W. Haywood and B. S. Robertson should be "trustees to carry out and perform the trusts therein declared." He appoints them "executors and trustees." To give both terms effect, we must find an intention on his part to provide for the settlement of his estate in the usual way by his executors, and the preservation of the property to meet the "limitations and conditions" by placing it in the hands of trustees.
In the codicil he expresses a desire that the Wachovia Loan and Trust Company be appointed guardian. This is not inconsistent with the appointment of trustees to hold and control the property. The office and duty of the guardian is distinct from that of a trustee (219) *Page 160 
The guardian receives the income, disburses it for the support and education of the infant until she attains full age, when his office and duty comes to an end, the trustee thereafter paying the income directly to Louise M. Holt. Thus construed, every provision and clause of the will is effectuated. This intention we gather from the entire will and codicil. The latter is not repugnant to the former. On the contrary, the testator, after disposing of the legacy given his mother, who had died since the execution of the will, and making some other provisions, expressly "ratifies and confirms" the will.
The fact that the estate is not given to the trustees, and the "limitations and conditions" imposed, declared in the form of specific trusts, does not affect the question. "When it is essential to the carrying into effect the provisions of a will, a trust, by implication of law, will be decreed. Though no trust is created by the will, the court will have regard to the intention as gathered from the entire document." Beach on Trusts, sec. 88. While it is true that to constitute a valid declaration of trust, it must appear from the language used that such was the intention of the testator, and that the terms, subject matter, beneficiaries, etc., must be so reasonably certain as to be capable of enforcement, it is equally true that specific language, declaratory of a trust, is not necessary, provided the intention is clear and the other requisites are found. It is not necessary that the title be given in express terms to the trustees. If the trust is otherwise manifested and a trustee named, he will, by implication, take such title and estate as is necessary to enable him to execute the trust. Smith v. Proctor,139 N.C. 314. In Payne v. Sale, 22 N.C. 455, it is held, in accordance with the authorities, both in England and this country, that, in the construction of wills, the estate given to a trustee is to continue for so long a period as is necessary to enable him to execute the trust. Looking to the entire will and (220) the codicil, we have no doubt that it was the purpose and intention of the testator to create a trust and that, upon the settlement of his estate by Mr. Haywood and Mr. Robertson, as executors, they should, as trustees, at once hold and invest the corpus of the residue given to his daughter to preserve for her use and benefit, during her life, and at her death to pay over and deliver to those who may be entitled, under the "limitations and conditions" imposed upon the estate. We should be inclined to the same opinion if he had not named trustees, but any doubt of his intention is removed by the fact that he has named plaintiffs as trustees, "to perform and carry out the trusts therein declared." We see no difficulty in carrying out his intention. The plaintiffs, as executors, will turn over to themselves, as trustees, the estate in their hands, keep the same invested and pay over the income during her minority, to the Wachovia Loan and Trust Company, guardian, and, *Page 161 
when she shall arrive at full age, pay over such income to her during the remainder of her life and, at her death, deliver the property to such person or persons as may be entitled under the terms and provisions of the will. It is conceded that the "limitations and conditions" applied to the estate do not apply to the excess of the income, that being given absolutely to Louise M. Holt.
The court has the power and, upon application may, in this action, provide for a fair division of the commissions on the income between the trustees and the guardian. Both should not receive full commissions. It is also within the power of the court to make such other and further orders as may, upon due notice, be found necessary to meet such conditions as may arise.
No difference in respect to the rights of the legatees of Chas. T. Holt, or the duty of the trustees, exists between the proceeds of the insurance policies and stocks, or other personalty, and the proceeds of the Linwood plantation. The direction contained in the will of Governor Holt to his executors to sell the land, operated as an equitable (221) conversion, so that the beneficiaries, including Chas. T. Holt, took the proceeds as personalty. Although the sale was not made until after his death, his interest passed as money to his executors. The conversion took place at the death of Governor Holt. Benbow v. Moore,114 N.C. 263.
The judgment of his Honor, as indicated in this opinion, must be
Affirmed.
Cited: Haywood v. Wright, 152 N.C. 434; Brown v. Brown, 168 N.C. 13;Bank v. Johnson, ibid., 307.