CHARLOTTE ADELE SHULL, A MINOR, BY HER MOTHER AND NEXT FRIEND,
    MARY J. SHULL, v. J. LORD RIGBY, ELI KENDIG, JR., A. BYRON
    SHULL, GIRARD TRUST COMPANY AND WASHINGTON HOSPITAL,
    INCORPORATED.

(Filed 12 September, 1928.)

**1. Wills—Construction—Estates and Interests Created.**

Where B. takes an estate with use and occupancy for life in trust with
discretionary power given trustees named in the will to sell trees growing
upon the lands, mineral rights, etc., during the life tenancy, and from the
proceeds to pay a sum named to a designated hospital, during the con-
tinuance of the life estate it is subject to the sale by the trustees of the
interests specified, and where the remainderman has acquired this pre-
ceding estate the title does not merge so as to vest in him the full fee-
simple title.

**2. Appeal and Error—Determination and Disposition of Cause— Remand
    for Necessary Parties.**

Where residuary legatees may take a surplus after the sale of land
after the payment of a specific bequest, they are necessary parties to the
sale of the land to give the purchaser a clear fee-simple title, and on
appeal the cause will be remanded for them to be made parties.

**3. Infants—Property and Conveyances—Power of Court to Order Sale of
    Property—Equity.**

In its equity jurisdiction the court in proper instances, and in pro-
ceedings properly instituted, has the power to order the sale of property
belonging to a minor. *Tyson v. Belcher*, 102 N. C., 112, and like cases
cited and applied.

APPEAL by petitioner and defendants, executors and trustees, from
*Moore, Special Judge,* at May Term, 1928, of BEAUFORT.

This is a proceeding by a minor, brought by her mother and next
friend, to sell a tract of land situate in Beaufort County, containing
1500 acres, more or less, alleged to be the property of said minor.

Petitioner's title is derived from item seven of the will of Charlotte S.
McConnell and codicil, which are as follows:

"Seventh. My farm and plantation situate in Chocowinity Town-
ship, Beaufort County, North Carolina, I hereby devise and bequeath
unto my executors and trustees hereinafter named to hold same for the
use and occupancy of Charlotte Adele Shull, the daughter of my nephew,
Wallace Shull, of Woodbine, Maryland, during her lifetime, and on her
death to convey the same to her next of kin and heirs at law; reserving
at all times during her said life tenure, to the said executors and trustees,
the right to cut, sell and in anywise dispose of the standing trees and
timber, marl, clay, oil and any other products found on the said planta-
tion when in their judgment it may be wise and expedient so to do, and

to pay out of the proceeds of the sale of same the sum of five thousand dollars to the Doctor Taylor Hospital at Washington, North Carolina, and to also pay out of my estate all taxes on the said plantation as the same may become due and payable."

Codicil: "In the Seventh clause of my will, I devised my farm and plantation in Chocowinity Township, Beaufort County, North Carolina, to my executors and trustees for the use and occupancy of Charlotte Adele Shull, daughter of my nephew, Wallace Shull. I hereby revoke said bequest, and in place thereof, I hereby devise and bequeath said premises to my said executors and trustees together with the premises or property about being conveyed to me by my brother, A. Byron Shull, situate at Woodbine, Maryland, to hold same for the use and occupancy of my said brother, A. Byron Shull, during his lifetime, and upon his decease to convey the same to the said Charlotte Adele Shull, subject to the reservations fully set out in the above Seventh Clause of my will."

The said A. Byron Shull, now 71 years of age, has declined to accept his interest or estate in the farm and plantation in question, and has renounced and released all his interest therein, by an instrument in writing, registered in Beaufort County, to Charlotte Adele Shull.

In items ten, eleven and twelve of the will of Charlotte S. McConnell other duties are imposed upon the trustees, and disposition is made of the residue estate to several specifically named legatees, no one of whom is a party to this proceeding.

It was adjudged that the farm and plantation, including the timber thereon, be sold, and out of the proceeds arising therefrom the sum of $5,000.00 should be paid to the Washington Hospital in discharge of the legacy referred to in item seven above, and the balance to be turned over to the duly appointed guardian of the petitioner, Charlotte Adele Shull.

From this order, the petitioner appeals, contending that the Washington Hospital, mentioned in the will as "Doctor Taylor Hospital at Washington, North Carolina," is entitled to take nothing under item seven and the codicil, above set out, because of the alleged subsequent merger of the life estate with the remainder, thereby vesting the fee in the petitioner. The executors and trustees appeal on the ground that the court is without authority to decree a sale of the property upon the allegations appearing in the petition.

*Guy W. Steele and Small, MacLean & Rodman for plaintiff.*

*Charles J. Shull and Ward & Grimes for defendants, J. Lord Rigby, Eli Kindig, Jr., and Girard Trust Company.*

*Harry McMullan for defendant, Washington Hospital.*

SHULL *v.* RIGBY.

STACY, C. J., after stating the case: That a court of equity has the power to order the sale of property belonging to a minor, in a proceeding properly constituted for the purpose, admits of no doubt. *Tyson v. Belcher,* 102 N. C., 112, 9 S. E., 634; *Rackley v. Roberts,* 147 N. C., 201, 60 S. E., 975; *Settle v. Settle,* 141 N. C., 553, 54 S. E., 445.

But what interest does the petitioner own in the *locus in quo?* Clearly not an unencumbered fee, for during the lifetime of A. Byron Shull the executors and trustees have "the right to cut, sell and in anywise dispose of the standing trees and timber, marl, clay, oil and any other products found on the said plantation when in their judgment it may be wise and expedient so to do, and to pay out of the proceeds of the sale of same the sum of five thousand dollars to the Doctor Taylor Hospital at Washington, North Carolina." · And this right is not destroyed by the alleged subsequent merger of the life estate with the remainder. *Lummus v. Davidson,* 160 N. C., 484, 76 S. E., 474; *Haywood v. Trust Co.,* 149 N. C., 208, 62 S. E., 915; *Walker v. Sharpe,* 68 N. C., 363; *Dick v. Pitchford,* 21 N. C., 480.

We are not now called upon to say whether the legacy to the Washington Hospital is demonstrative, and therefore payable out of the *corpus* of the estate under the principle announced in *Shepard v. Bryan,* 195 N. C., 822, 143 S. E., 835. Nor is the proceeding one in which all the parties are asking that the property be sold. It would seem, however, that a sale of the timber and other products found on the plantation, either with or without the land, during the lifetime of A. Byron Shull, whether made by the trustees or under order of court, would necessarily enure to the benefit of the Washington Hospital to the extent of its interest. In this respect, the judgment was not erroneous.

It will be observed that the trustees are not directed to sell so much of the timber, etc., as may be necessary to pay the bequest to the Washington Hospital, but they are empowered to sell, during the lifetime of A. Byron Shull, any or all of the standing timber, etc., and other products found on said plantation, when in their judgment it may be wise and expedient to do so, and, out of the proceeds arising therefrom, to pay to the Washington Hospital the sum of $5,000.00. What would become of the excess, if the timber and other products should bring, upon sale by the trustees during the lifetime of A. Byron Shull, more than enough to pay the bequest to the Washington Hospital? This calls for a construction of the will in which the residuary legatees, who are not parties to the present proceeding, may be interested. At least their presence would seem to be necessary to insure to the purchaser an unimpeachable title. The cause, therefore, will be remanded for further proceedings not inconsistent with ·this opinion and as the rights of the parties may require.

Error and remanded.