MARY A. ASKEW v. W. F. BYNUM and others.

*Jurisdiction—Assignment of Dower.*

1. Petitions for dower should be filed in the county of the husband's last usual residence, but the jury of allotment may assign the same in one or more tracts situate in one or more counties.

2. Proceedings for the assignment of dower instituted and determined in the county of the deceased husband's last residence, are a bar to subsequent proceedings for the same purpose in another county to affect lands therein located.

(*State v. Cunningham*, 72 N. C., 469, cited and approved.)

PETITION for Dower filed before the Clerk of the Superior Court of HERTFORD, and heard on appeal at Chambers, on the 19th of September, 1878, before *Eure J.*

A. J. Askew and Mary A. his wife intermarried in the year 1843; and 1874, the husband died, residing at the time of his death on a tract of land of which he was seized, situate in the county of Bertie, leaving him surviving, his wife, the plaintiff. The husband in the year 1869 acquired a title in fee in and to a tract of land in the county of Hertford, called the "Bynum tract," and he continued to be the owner thereof until he conveyed it to W. F. Bynum, J. D. Reddick and wife, Annie C. Bynum and Mary J. Bynum, by a deed without the joinder of his wife with privy examination as required by law.

After the death of the husband, Mary A., the widow, filed her petition in the probate court of Bertie county against the heirs at law of the husband for the assignment of her dower in the lands of which he died seized in that county; and it was assigned in these lands without taking into consideration the value of the lands in Hertford county which had been conveyed to the defendants as aforesaid.

After the assignment of dower in the Bertie lands, the widow filed another petition in the probate court of Hertford county, praying to have her dower assigned in the lands which her husband had conveyed to the Bynums, and to this petition the heirs at law of the husband and the bargainees of the husband were made parties defendant. In the probate court of Hertford, the parties made a case agreed containing the facts above recited, and submitted the same to the judgment of the judge of probate, agreeing that if the widow was entitled in law to be endowed in the Hertford lands, and the judge of probate of that county had jurisdiction, judgment might be entered for the assignment thereof and for costs against the defendants; otherwise, for defendants and for costs against the plaintiff. The judge of probate on the facts submitted adjudged that the widow was entitled to have her dower assigned, and ordered that a writ of dower issue, and from this ruling an appeal was taken to the judge of the superior court. And His Honor held that the plaintiff was entitled to have the Hertford tract considered and valued as part of the husband's lands for the purpose of estimating the quantity of the dower, but the same was to be laid off on the Bertie lands, if sufficient; and if not, then a sufficient quantity to be taken of the Hertford lands to make a full third in value of all the lands; that the bargainees of the husband had the right as against the heirs to have dower located on the lands of which the bargainor died seized, in exoneration of the lands conveyed to them. His Honor being further of opinion that the appli-

cation for dower should be made in the probate court of Bertie, adjudged that the proceeding be dismissed at the costs of the plaintiff, and from this judgment the appeal is taken.

*Messrs. Gilliam & Gatling,* for plaintiff:

The husband purchased the land after the act of 1868–'69, and dower must be assigned out of all the lands of which he was at any time seized during coverture. *Mitchener* v. *Atkinson,* Phil. Eq., 23; *Rose* v. *Rose,* 63 N. C., 391. No conveyance by husband shall pass title to but two-thirds of land, except on mortgage to secure purchase money, Bat. Rev., ch. 117, and the wife is not barred from asserting her dower right, not being a party to the deed. The provision for the assignment of dower in lands lying in several counties upon one petition, Rev. Code, ch. 118, is repealed by the act of 1869, chap. 93, § 51, and dower enlarged. Section 66 of C. C. P. fixes venue of actions to recover any interest in land in the county where the land lies.

*Messrs. D. A. Barnes* and *J. B. Batchelor,* for defendants.

DILLARD, J. (After stating the case.) By act of the general assembly ratified on the 2nd of March, 1867, the right of dower in this state theretofore attaching only to the lands of which the husband died seized, was enlarged and made to embrace all the lands of which the husband was seized at his death or at any time during the coverture; unless conveyed with a joinder of the wife in the deed, and with privy examination as prescribed by law. The quantity to be assigned was one-third interest in value of all such lands, with a peremptory direction to include the dwelling house in which the husband usually resided, and the outhouses and other improvements thereunto belonging. Bat. Rev., ch. 117, § 2. By section 3, chapter 118 of the Revised Code,

which although not brought forward in Battle's Revisal according to the construction of this court in *State* v. *Cunningham*, 72 N. C., 469, and other cases, is to be taken as still in force, it is provided that the assignment be made (subject to the restriction to embrace the dwelling house, &c.) not in every separate tract, but in one body or several, on one or more tracts, having a due regard to the interests of the heirs and the rights of the widow.

Under these provisions of the law, the plaintiff on the death of her husband in Bertie was entitled to have dower of one-third in value of the lands in Bertie and Hertford, assignable in part at least in the lands in Bertie, or wholly on that tract, as the jury to be summoned for its assignment might determine, having due regard to the interests of the heirs and purchasers claiming under the husband, and the rights of the widow.

2. It is argued however that section 2, chapter 118 of the Revised Code, providing for a writ of dower to the sheriff and giving power to the sheriff to summon a jury from one, or all, or any of the counties in which the lands were situate, was repealed by the act of 1869, ch. 93, § 51, on page 213, and that no substitute or other equivalent legislation has been since enacted; therefore it is claimed that no power exists to have dower assigned as formerly under the Revised Code in the case of lands situate in more counties than one, and so it is now necessary to assign dower in each of the counties of one-third in value without taking into the estimate the lands in the other.

We do not think the repeal of said section 2 was designed to have or did have the effect contended for; but was designed merely to change the jurisdiction over the subject of dower from the county and superior courts under our old system, to the clerk acting as probate judge under the new system, with adequate power in the court to decree, and in the sheriff to execute the decree by a jury to be summoned.

by him; and this was effected in our opinion by sufficient legislation.

According to this purpose of the legislature, provision is made, in the same act repealing the second section of chapter 118 of the Revised Code, for the new jurisdiction of the clerk and its exercise, and for the execution of its judgment for the recovery of dower by the sheriff and a jury, just as had been usual under the Revised Code, as follows: The jurisdiction of the subject of dower and the mode of application for its exercise is vested in the probate court and regulated by section 40, chapter 93 of the act of 1869, brought forward in Battle's Revisal, chapter 117, section 9; and the requisites of a petition as regards parties are prescribed in section 41 of said act, and brought forward in section 10 of said chapter 117. As to entering judgment and execution thereon, title 9, 10 and 11 of the code of civil procedure are declared applicable in special proceedings by section 6 of said chapter 93, brought forward in section 423 of chapter 17 of Battle's Revisal; and under the authority of these provisions it was competent to the judge of probate to adjudge the right of dower and order its allotment, and to issue an execution or writ of dower conformable to the judgment directed to the sheriff of the county in which the lands or some part thereof lay; and such sheriff in executing the same was authorized by section 42, chapter 93 of the act of 1869, to be found in Battle's Revisal, chapter 117, section 11, to summon a jury to meet on the premises or some part thereof, to allot and lay off dower.

Thus it is in our opinion that the judge of probate has the jurisdiction to decree, and the sheriff to whom the performance of the decree is committed has the power to assign dower in one special proceeding, though the lands may be situate in several counties.

3. Our attention has been called to section 4 of chapter 117 of Battle's Revisal, wherein it is enacted that no aliena-

tion of the husband shall have any other or further effect than to pass his two thirds interest in the land conveyed; and it is suggested that this declaration of the statute makes a necessity to allot a third in value of the lands in each county, and takes away the discretion of the jury to assign the whole on the tract on which the husband had his dwelling at his death. It seems to us that said section being passed with reference to dower is entitled to be construed as merely protective of the widow, so that the bargainee shall hold subject to give way to the extent of a third, at most, or less as the jury may determine on the actual assignment, and subject thereto, as passing the entire title as against the bargainor and his heirs. We hold that it is no hindrance to the assignment of one-third in value of the whole, altogether on the home tract, or partly on it and partly on another, due regard being had to the interests of the heirs and the rights of the widow.

In our opinion His Honor was not in error in dismissing the special proceeding in Hertford on the facts stated in the case agreed. The right of the widow was a third in value of *all the lands* of which the husband was seized at any time during the coverture; and to the petition praying its assignment the statute is peremptory that the heirs, devisees, and other persons in possession of or claiming estates in the lands, shall be made parties. We therefore conclude that the dower was intended to be sought, and must be sought in but one special proceeding for the purpose.

4. In this case the plaintiff first instituted her special proceeding in the probate court of Bertie, and had her dower therein assigned of one-third in value in that county, and even if she did have the right to bring her action in either county, she thereby made her election, and it was incumbent on her to seek her full dower in respect of the lands in both counties. Not having done so, she ought to be held disabled afterwards to go into the probate court of Hertford

for a separate assignment of dower in a third of the lands lying in that county.

The decree for dower in Bertie standing in full force and unreversed, is conclusive as between the widow and heirs ; and in case jurisdiction is exercised in Hertford, it must be for a full allotment in respect of all the lands, and should the jury summoned to assign it lay off a less or different boundary in Bertie from that already laid off, then we will have different quantities assigned around the dwelling house, and two final decrees adjudging the dower in two courts, both standing on the record in full force. The probate court in Hertford has no power to open or put out of the way the decree and proceedings in the probate court of Bertie, and in our opinion the plaintiff was properly held to seek her remedy for a full dower by such proceedings in Bertie, as she may be advised are suitable and proper, with opportunity to the Bynums to set up their equities, if any they have.

No error. Affirmed.