SEAMAN v. SEAMAN.

(Filed December 10, 1901.)

DOWER—*Partition—Sale—Infants.*

> Where there is a petition to sell land for partition, and one of the defendants is a widow entitled to dower and the other defendants are infants, the dower should be assigned before the land is sold.

ACTION by George F. Seaman and others against Nettie Seaman and others, heard by Judge *W. B. Council,* at Chambers, at Boone, N. C., on the 27th day of December, 1900. From a judgment for the plaintiffs, the defendants appealed.

No counsel for the plaintiffs.

*E. J. Justice* appeared in this Court for counsel who represented the defendant in the Court below.

FURCHES, C. J. After much trouble, we hope we sufficiently understand the facts of this case to render our opinion upon what seems to be the point presented. But we are not willing to do so without mentioning the manner in which the case comes to us, as a reason for any error in the facts, if there should be such. It is a pauper appeal, but this should not be a sufficient excuse for the condition of this record. There is no summons in the record, and the first

thing is the case on appeal, then the various judgments, and then the pleadings, no pages to the record, and the index is to the complaint, answer, etc., without saying where they are to be found.

The complaint states that plaintiffs and defendants are tenants in common, the plaintiffs owning three-sevenths and the defendants four sevenths of the land described in the complaint, without saying how they came to be tenants in common. But the answer comes to the aid of the complaint, and states that the plaintiffs and the infant defendants, Hannah, .William and Joseph, are the children and heirs-at-law of Joseph Seaman, deceased, and Nettie is his widow. And the defendant Nettie alleges in her answer that she is the owner in fee of one undivided one-twenty-eighth part of said land. She also allgese that, as the widow of said Joseph, she is entitled to dower therein, and asks that it may be laid off and assigned to her before any partition or sale of the lands. And while it was admitted that she was entitled to dower, her prayer to have it allotted to her before sale was refused, and an order of sale made. .

We see no legal reason why the prayer for dower should not have been made, and it seems to us that it was eminently proper that it should have been made, and the dower allotted before sale.

It appears from the pleadings that the plaintiffs are the children of the intestate, Joseph, by a former marriage, and are of full age; while the defendant heirs are the children of the last marriage, of tender age, the oldest being only nine years old. It is, therefore, the duty of the Court to see that their rights are protected, and not to allow their lands to be sold, with an undefined claim of dower overshadowing the title. No one cares to "buy a pig in a poke." *Marsh v. Dellinger,* 127 N. C., 360.

It seems that all the heirs of Joseph Seaman and his widow

Nettie are parties to this proceeding. It was commenced in the Superior Court before the Clerk; and that Court has jurisdiction of dower and sales of land for partition, and the widow in her answer sets up her right to dower and asks that it may be assigned to her. Why should it not be done? There is no particular form of making this application, so all the parties interested are before the Court. The heirs may join the widow in making the application, or they may be made adversary parties. *Avery Ex Parte,* 64 N. C., 113. As the widow was made a party to this proceeding, it is entirely proper that she should set up her right to dower, lest she might have been estopped from afterwards claiming it. *Weeks v. McPhail,* at this term.

The widow's right to dower is upon the land asked to be sold—a part of the same subject-matter, and both dower and sales for partition being equitable in their nature, the Court will make orders and decrees as become necessary to do justice between the parties. *Weeks v. McPhail, supra.* This is the spirit of the Code practice—to settle the whole controversy between the parties in one action, when they are raised by the pleadings. *Parrish v. Graham,* at this term.

The widow is therefore entitled to her order for dower, and, for her protection and that of the *infant* defendants, it should be allotted and assigned to her before the land is sold. The Court should therefore make both orders, providing that the order of sale should not be executed until dower is assigned.

Error.