STATE v. AUSTIN.

(Filed April 21, 1903.)

1. PERJURY—*Evidence—Substantive Evidence.*

Where a person on trial for perjury for swearing that he had never been indicted for being drunk, was asked on cross-examination whether a certain person had not charged him with having delirium tremens, his answer thereto is not competent as substantive evidence.

2. INSTRUCTIONS—*Cross-Examination—Evidence.*

Where evidence introduced is competent only as impeaching evidence and is not material as substantive evidence, the trial judge should so instruct.

INDICTMENT against J. F. Austin, heard by Judge *Walter H. Neal* and a jury, at July Term, 1902, of the Superior Court of RANDOLPH County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Zeb. Weaver,* for the defendant.

MONTGOMERY, J. The defendant was indicted for perjury. The false oath was charged to have been made in a case being tried in the Superior Court of Randolph County. The assignment of the perjury was that the defendant swore that he "never was incarcerated in the lock-up or city prison in the city of Asheville, or in any other prison by any officer of said city, or any other officer; that he was never intoxicated in the city of Asheville nor was ever arrested for intoxication in said city by any policeman thereof."

The defendant on the trial of the indictment offered himself as a witness in his own behalf, and testified that he had never been confined in Asheville city prison nor in any other prison; that what he swore to in the trial of the case in which the perjury was alleged to have been committed was true.

STATE *v.* AUSTIN.

On cross-examination he was asked if a Mr. Stacey, a Methodist preacher, had not charged him to his face with having *delirium tremens.* The defendant answered under objection that Mr. Stacey had so charged, but that it was not true. This evidence was not offered in disparagement of the witness, to impeach his character and credibility, but seems to have been introduced as substantive testimony. It certainly was not competent as bearing upon the offense charged against the defendant because of its lack of particularity as to time and place. The question was too general and broad in its scope. It does not appear where or when the accusation was made by Mr. Stacey. It might have been a competent question on the cross-examination if it had been introduced as impeaching evidence only or if his Honor had instructed the jury that it could not be used as material evidence in respect to the offense charged in the bill of indictment, but might be considered as affecting the credibility of the witness. But that was not done. As it is necessary for the court in the trial of cases to instruct the jury as to the nature of corroborative evidence or evidence contradictory of a witness and for what purposes it is admitted, so we think that when evidence on cross-examination, not material to the matter at issue is introduced under objection, a like instruction should be given.

New Trial.

WALKER, J., took no part in the decision of this case.