HOWELL v. PARKER.

(Filed November 15, 1904).

1. DOWER—*Widow.*

Where the purchaser has paid the purchase-money and been put in possession, but no deed executed, his widow is entitled to have such property valued in allotting her dower.

2. DOWER—*Allotment—Venue—Acts 1893, ch. 314—The Code, sec. 2103.*

Dower must be allotted in a single action brought in the county in which the deceased last usually resided.

3. DOWER—*Allotment—Widow.*

The dower of a widow shall embrace the residence last usually occupied by the deceased husband, and if the value thereof is as much as one-third of the realty of which the husband died seized, the widow has no interest in the balance of the estate.

4. DOWER—*Widow—Allotment.*

Where a widow fails for fourteen years to have her dower allotted, she cannot take dower in lands bought by third persons from the heirs, where there is enough realty left out of which to secure her dower.

ACTION by Julia F. Howell and another against T. S. Parker and others, heard by *Judge O. H. Allen,* at March Term, 1904, of the Superior Court of STANLY County. From a judgment for the plaintiffs the defendants appealed.

*Shepherd & Shepherd, L. H. Clement* and *J. R. Price,* for the plaintiffs.

*R. L. Smith* and *R. E. Austin,* for the defendants.

CLARK, C. J.  This is a petition for partition filed before the Clerk of the Superior Court of Stanly County. M. B. Howell bought the tract of land in 1885, paid the purchase-

money in full and entered into possession as owner, but died in 1889 without having received a deed, which was executed, however, to his heirs at law by the vendor in 1891. Two of the heirs at law subsequently conveyed their two-fifths interest to the defendant Parker, who has two others of the heirs at law as co-defendants. Another heir at law and the widow of M. B. Howell are the plaintiffs. It is agreed that at the time of his death, and for several years prior thereto, M. B. Howell resided in Salisbury, Rowan County; that the lands in this action are worth $1,000, and that M. B. Howell died seized and possessed of the following: One house and lot, his usual residence in Salisbury, worth $1,600; another house and lot in Albemarle worth $1,500, and a tract of 144 acres also in Stanly County worth $375; that no memorandum in writing was made when M. B. Howell purchased the land, and that no dower has ever been allotted to the widow.

It is immaterial that no memorandum in writing was made at the time of the sale, for the vendor has not pleaded the statute of frauds and in fact has made the conveyance to the heirs at law of the purchaser. The purchase-money having been paid in full and the purchaser put in possession, he had an equitable estate which his widow is entitled to have valued in allotting her dower. *Love v. McClure,* 99 N. C., 290, and cases cited. But it appears by the facts agreed that the value of all the realty, including the tract in question, amounts to $4,475, and that the residence and lot in Rowan are worth $1,600, being something over "one-third in value" of the realty. As the statute, The Code, sec. 2103, provides "in which third part *shall be* included the dwelling-house in which her husband usually resided," * * * it follows that the widow has no interest in this tract beyond the right to have its value taken into consideration in estimating the value of the dower to be allotted to her.

It is suggested by counsel that the widow could waive the right to the residence. If that were true, she might elect to take the whole of this tract, but it might well be questioned if a Court would permit her to take her dower in the whole or in part of this tract to the detriment of the purchaser of an interest in this tract from two of the heirs at law after she has delayed for fourteen years to indicate that she would ask allotment of property other than that named in the statute. It might be inequitable to permit such election after such laches, when she can get her full dower without detriment to any one. But the point has been presented, and it has been held (*Askew v. Bynum,* 81 N. C., 350) not only that the dower must be allotted in proceedings instituted in the county of the husband's last usual residence, but *Dillard, J.,* says, on p. 352, that "The quantity to be assigned is one-third interest in value of all such lands, with a *peremptory direction* to include the dwelling-house in which the husband usually resided. * * * It is provided that the assignment may be made (subject to the *restriction* to embrace the dwelling-house, etc.), not in every separate tract, but in one body, or several, on one or more tracts, having a due regard to the interests of the heirs and rights of the widow." The Court noticed and negatived the claim that one-third in value of lands of which the husband died seized and possessed must be allotted in each county, and says (p. 356) that the allotment of dower must be made by the Court in the county where the husband last usually resided, and must be "assigned around the dwelling-house," unless, of course, the third should be more than the value of such house and appurtenances.

The widow in this case should have her "one-third in value" of her husband's realty allotted to her by proceedings instituted in Rowan County, ."in which third part shall be included the dwelling-house," * * * as the statute pro-

vides. When the residence and lot are not such third she may have other lands allotted. If such were the case here, then if this partition had been made it would have been subject to her dower rights, certainly in the absence of any equity in favor of the purchasers from the heirs by reason of the fourteen years failure of the widow to have her dower allotted and there being other lands available. But dower could in no event be allotted in partition proceedings. It must be laid off once for all, in the whole estate, by proper proceedings in Rowan County. If before the allotment of dower the heirs at law partition the realty the shares are subject to the possibility of dower being laid off therein in a proper proceeding. But it is only after dower has been actually allotted upon a tract that the widow can have the value of her dower assessed in partition proceedings of such tract. "Fragmentary dower" is not allowable. Acts 1893, chap. 314, prescribe that dower shall be allotted in one proceeding, though the realty may lie in more than one county. Further, it affirmatively appears that the homestead and lot in Rowan County will furnish the one-third part to which she is entitled. In adjudging therefore that the widow "is entitled to a dower interest in the proceeds of the sale," and ordering a reference to report its value according to the established annuity tables, there was error.

It may be that cases of hardship will arise from the requirement that the one-third shall embrace the residence. But dower is entirely statutory, and the language of the statute and of the decision construing it as well, are so explicit and peremptory that any relief must be sought in a modification of the statute.

Error.

WALKER, J., concurs in result.