HARRINGTON v. HARRINGTON.

(Filed November 7, 1906).

*Dower, How Assigned—Land Conveyed with Joinder of Wife—Rights of Purchasers.*

1. Where the husband has sold and conveyed portions of his land for valuable consideration without the joinder of the wife, but retained lands, which descend to his heirs, of a kind and quantity which permit that dower be assigned out of the lands descended and according

HARRINGTON *v.* HARRINGTON.

to the provisions of the statute (Rev., sec. 3084), the purchasers
have a right to require that dower be allotted out of lands de-
scended, and the lands which they have purchased and paid for be
relieved of the widow's claim.

2. Where the husband died seized and possessed of the dwelling-house
in which he last usually resided, and this, with the other lands
retained, are ample in quantity to allot to the widow one-third in
value, as the statute provides, estimating for this purpose the land
conveyed without joinder of his wife, an order alloting the widow's
dower out of the lands other than those conveyed was proper.

PETITION for dower by Lucy Ann Harrington, widow of
A. J. Harrington, against A. O. Harrington and others,
heard on appeal from the Clerk of the Superior Court of
CHATHAM County by *Judge James L. Webb,* holding the
courts of the Eighth Judicial District.

The petition was filed by the widow against the heirs at
law of A. J. Harrington, deceased; and, on application duly
made, T. A. Yarborough and A. D. Judd, purchasers of cer-
tain lands conveyed to them by said A. J. Harrington dur-
ing his life, were made parties defendant.

On the hearing before the Clerk, he found the facts perti-
nent to the inquiry and gave judgment as follows:

"The Court finds, as a fact, that this is a proceeding for
dower in the lands of the late A. J. Harrington; that some
time prior to his death he had sold the land claimed by T. A.
Yarborough, to-wit, fifteen acres to the said Yarborough, and
that he had sold the land claimed by A. D. Judd to N. G.
Yarborough, who had sold and conveyed by proper deed the
same to A. D. Judd, of all which property the said A. J.
Harrington was seized during coverture, and that his wife,
the plaintiff in this action, did not join in the execution of
either of said deeds, but they were executed by A. J. Har-
rington alone. The Court further finds as a fact that the
report of the jury herein filed covers and embraces all the
said lots of the said Yarborough and Judd as a part of the
dower they allot; that there is a sufficiency of land outside

of the said lots to constitute said dower, there being something like 150 acres, and that the dwelling-house and improvements are not on either of the lots of said intervenors.

"The Court being of the opinion that it is proper and right for the value of the lots of the said Yarborough and Judd to be considered in estimating the value of the property out of which dower is to be allotted, is also of the opinion, and so adjudges, that the said Yarborough and Judd have the right to require the dower to be allotted elsewhere than on their property so long as there is a sufficiency to make up same.

"The Court further finds that the said T. A. Yarborough has put certain improvements on his lots and that it would be inequitable to permit the same to pass to the widow in dower. It is therefore considered, ordered, and adjudged that the exceptions filed by the intervenors be and they are hereby sustained and the report is remanded to the jury, and they are instructed to proceed to value the real property of the late A. J. Harrington, including the lots of the intervenors, and to allow one-third thereof in value, including the dwelling-house, to the plaintiff, but they will allot the same on the lands other than the said two lots of the said intervenors and make their report to this Court."

These facts, at the hearing before the Judge below, were admitted to be true; and thereupon the Judge approved and confirmed the ruling of the Clerk and ordered that petitioner's dower be assigned as therein directed.

From this judgment, petitioner excepted and appealed.

*Seawell & McIver* for the plaintiff.
*Womack, Hayes & Bynum* for the defendants.

HOKE, J., after stating the facts: Our statute on the subject, Revisal, sec. 3084, enacts that a widow, entitled thereto, shall be endowed of one-third in value of all the lands, tene-

ments and hereditaments whereof her husband was seized at any time during coverture; in which third part shall be included the dwelling-house in which her husband last usually resided, together with offices, outhouses, etc.

Another clause of this section provides that the jury summoned for the purpose of assigning dower to a widow "shall not be restricted to assign the same in every separate and distinct tract of land, but may allow her dower in one or more tracts, having a due regard to the interests of the heirs as well as the rights of the widow."

Where a decedent dies, seized and possessed of lands in counties other than that in which the petition is filed, sec. 3089 provides a method by which the jury in such county, charged with the duty of assigning dower, shall be informed of the value of the lands lying in the other counties, to the end that this value may be considered in determining the dower to be allotted.

In construing this statute our Court has held:

1. That the entire dower must be allotted in a single action.

2. That the dwelling-house in which the husband last usually resided, if the right of dower attaches thereto, or so much of it as the dower interest will cover, shall be included in the allotment.

3. That subject to this direction as to the dwelling-house, the jury, according to the express terms of the statute, is not required to allot the dower in each and every tract, but may assign the entire dower in one or more of the tracts, having a due regard to the rights and interests of the parties concerned. *Askew v. Bynum,* 81 N. C., 350; *Howell v. Parker,* 136 N. C., 373.

While the question does not seem to have been directly presented in this State, the better considered authorities elsewhere have established the principle that where the husband has sold and conveyed portions of his land for valuable considera-

tion without the joinder of the wife, but retained lands, which descend to his heirs, of a kind and quantity which permit that dower be assigned out of the lands descended and according to the provisions of the statute, the purchasers have a right to require that dower be allotted out of lands descended, and the lands which they have purchased and paid for be relieved of the widow's claim.

This is so held in *Wood v. Keys,* 6 Paige (N. Y.), 478, and *Lawson v. Morton,* 6 Dana (Ky.), 471.

And these cases are cited for law in Scribner on Dower, vol. 2, 597.

In *Howell v. Parker, supra,* decided intimation is given that, under certain circumstances, equity would require that the widow's dower should be assigned in lands descended and the purchaser for value be protected.

In the case before us, the widow's dower can be so assigned, and every requirement of the statute be complied with.

The husband died seized and possessed of the dwelling-house in which he last usually resided, and this with the other lands retained are ample in quantity to allot to the widow one-third in value as the statute provides, estimating for this purpose the land conveyed as a part of the estate.

There are decisions in other jurisdictions which may seem to uphold a contrary view; but they will be found, no doubt, to rest on the position that after the death of the husband, the widow's claim for dower is an estate which attaches to each and every separate parcel of land, and to be so allotted, and where no statute exists, as it does with us, permitting that dower be assigned in all or any one of the tracts as may be deemed best for the interest of the parties.

We are of opinion, and so hold, that, on the facts stated, the judgment of the Court below awarding the dower in the lands descended, is in accord with the statute, and with sound principles of equity, and the same is affirmed.

Affirmed.