MAGGIE HARRELL DUDLEY ET ALS. v. NANNIE HARRELL TYSON
ET ALS.

(Filed 14 October, 1914.)

**1. Dower—Allotment Before Division—Heirs at Law.**

The widow of a deceased owner of lands held by him in common with others may have her dower interest therein set apart to her before division of the lands among the heirs at law.

**2. Same Partition—Actions—Interpretation of Statutes.**

The widow of a deceased owner of an undivided one-half interest in lands held in common with his sister had her dower interest of one-sixth of the lands laid off to her; and the heirs at law of the deceased having purchased the interest of the other tenant in common, the widow and some of the heirs at law bring suit against the other parties in interest, for partition of the lands subject to the widow's right of dower to be now allotted therein: *Held,* the action in this form can be maintained. Revisal, sec. 2517.

**3. Process — Parties—Minors—Guardian ad Litem—Irregularities—Process Cured.**

The appointment of a guardian *ad litem* before service of summons upon the infants is an irregularity which may be cured by the service of summons upon the infants thereafter, and the filing of the answer of the guardian, etc.

**4. Dower Proceedings—Actions—Collateral Attack—Partition.**

An allotment to the widow in dower proceedings cannot be attacked collaterally in proceedings for partition of the lands of the deceased ancestor by his heirs at law.

APPEAL by defendants from *Daniels, J.,* at February Term, 1914, of GREENE.

This is a proceeding for partition of land.

In June, 1903, James Harrell, husband of the plaintiff, Maggie Harrell, died intestate, leaving him surviving a widow and four infant children, and seized in fee simple and possessed of an undivided one-half interest in the tract of land described in the petition, the other one-half interest being owned by his sister. After his death, his cotenant,

Susan Sylivant, his sister, conveyed her interest in said land to the infant heirs at law of her deceased brother, reserving a life estate to herself. On 12 February, 1908, some time after the conveyance to said infant heirs by their aunt of her interest in said lands, the plaintiff, then the widow of James Harrell, brought a proceeding in the Superior Court of Greene County for the purpose of having her dower in the lands of her deceased husband laid off and allotted to her, which was prosecuted to a finality and in which her dower was laid off and allotted to her, and she put in possession thereof. The record shows that the report of the jury allotting her dower was filed in the Superior Court on 18 March, 1908, and that immediately thereupon the widow, plaintiff in this cause, went into possession and has remained in possession since that time. No exceptions or objections were ever filed to the report of the jury.

When the dower proceeding was instituted, the infant heirs at law of James Harrell, one of whom is the *feme* defendant, owned one-half of said lands as heirs at law of James Harrell, and the other half as grantees of their aunt; in said proceeding they were represented by their guardian *ad litem*, J. O. Sugg; that personal service of summons was made upon said infant defendants and said guardian *ad litem*, who filed answer contained in the record, and all the parties were before the court when the court heard the proceeding and entered the order for a jury and the writ of dower; that the petitioner asked that her dower be allotted in one-third of one-half; that is, one-sixth of the whole land.

On 29 August, 1913, nearly five years after said dower proceeding was concluded and report of jury filed, the petitioner, for herself individually and as general guardian of the infant heirs at law of her former husband, James Harrell, brought this partition proceeding against the *feme* defendant, one of said heirs at law, recently become 21 years of age, asking that said land be divided into four equal shares by proper metes and bounds, subject to her dower as theretofore laid off and allotted, and that each of said heirs at law be allotted one share in severalty. In this partition proceeding the defendant undertakes to attack said dower proceeding, alleging that same is null and void, upon the following grounds:

(1) That dower was allotted before the land was divided, the petitioner being entitled to dower in an undivided one-half of the land.

(2) That the children of James Harrell were not made parties as grantees of Susan Sylivant.

(3) That a guardian *ad litem* for the infant defendants was appointed before service of summons on them.

(4) That the answer of the guardian is insufficient.

His Honor denied the motion to set aside the dower and adjudged partition subject to.dower, and the defendant excepted and appealed.

*J. Paul Frizzelle for plaintiff.*
*George M. Lindsay for defendant.*

ALLEN, J.　James Harrell was at the time of his death the owner in fee of an undivided one-half of the land described in the petition, and his widow was therefore entitled to have set apart to her as dower one-sixth in value of the whole land.

In the petition in the proceeding for dower the title is truly stated, and the petitioner only asks for the allotment of one-third of one-half, or one-sixth in value of the whole, and there is nothing in the record tending to prove that she gained any advantage, or that more was allotted to her than she was entitled to.

We would not, therefore, be justified in setting aside the proceeding, to which all persons in interest were made parties, and which seems to have been conducted to a just conclusion, upon slight grounds, when, so far as we can see, the same judgment would be rendered in another proceeding, and we are of opinion the objections raised are not valid.

It is not necessary to have a division of the land before the allotment of dower.

The doctrine is correctly·stated in 14 Cyc., 902: "A wife is not entitled at common law to dower in an estate held by her husband as a joint tenant; but she is entitled to dower in estates held by him in common, and in most States the same is now true of estates in joint tenancy under statutes abolishing the right of survivorship and providing that the share of a joint tenant shall go to his heirs, or changing estates in joint tenancy to estates in common. If partition of an estate in common is made during the lifetime of the husband, his wife's dower is limited to the portion set apart to him. But partition need not precede the setting aside of the widow's dower. It may first be set aside and partition be afterward made."

The Revisal, sec. 2517, permitting the allotment of dower in a proceeding for partition, and the case of *Seaman v. Seaman,* 129 N. C., 293, holding that the widow is entitled to have her dower allotted before a sale for partition, are in recognition of this principle.

The second objection is not sustained by the record. The children of James Harrell inherited from their father an undivided one-half of the land, subject to the dower·right of the widow, and they acquired the other half by the deed of their aunt, a sister of James Harrell, and a cotenant with him.

This was the condition of the title when the petition for dower was filed, and it was alleged in the petition that the widow was entitled as

dower to one-third of one-half of the land, and that the children of James Harrell were the owners of the whole, subject to the dower, which was admitted by the guardian *ad litem,* and which could not be true if they were not parties as grantees of their aunt and as heirs of their father.

The appointment of the guardian *ad litem* before service upon the infants was irregular, but it does not render the proceeding void, and the irregularity was cured by the service of the summons on the infants thereafter and the filing of an answer by the guardian *ad litem,* as was held in *Carraway v. Lassiter,* 139 N. C., 146.

The answer of the guardian *ad litem* was sufficient, and counsel for defendant very properly abandoned the objection to it by failing to discuss it in the brief.

Upon a consideration of the whole record we find no error.

We have treated this as a motion in the dower proceeding, although it is not clear that such motion was made. If not, the dower proceeding could not be attacked collaterally in the petition for partition. *Tyson v. Belcher,* 102 N. C., 112; *Coffin v. Cook,* 106 N. C., 376.

Affirmed.