PAGE C. KEEL, J. W. KEEL AND FRANCES C. KEEL v. PEOPLES BANK & TRUST COMPANY, ADMINISTRATOR OF THE ESTATE OF BETTIE BAILEY, DECEASED, AND W. A. WEATHERSBY, SHERIFF OF WILSON COUNTY.

(Filed 5 March, 1941.)

1. **Execution § 11: Judgments § 35—Facts found held sufficient to support decree dissolving temporary order restraining execution.**

In this action to restrain execution, the court found that in a former action between the parties or their privies it was determined that defendant's judgment had priority over the deed of trust under which plaintiffs' claim, that plaintiffs had failed to show any other property subject to the lien of the judgment which might be properly sold to satisfy the judgment, and that the action was not prosecuted in good faith. *Held:* The facts found support the court's conclusion that the findings constitute a complete determination of the entire controversy and entitle defendant to dissolution of the temporary restraining order.

2. **Appeal and Error § 40a—**

Where there is no objection to any of the findings of fact made by the court they will be presumed correct, and where the facts found support the judgment, appellant's sole exception to the signing of the judgment cannot be sustained.

APPEAL by plaintiffs from *Burney, J.,* at November Term, 1940, of WILSON. Affirmed.

*Chas. C. Pierce and Keel & Keel for plaintiffs, appellants.*
*Adams & Spruill for defendants, appellees.*

DEVIN, J. Plaintiff Page C. Keel instituted his action against defendant bank as administrator of the estate of Bettie Bailey, deceased, and the sheriff of Wilson County, for the purpose of restraining the sale of

certain land under execution. Pending the hearing J. W. Keel and Frances C. Keel, at their request, were made parties plaintiff. This action concerns the same subject matter and substantially the same parties as in the case of *Keel v. Bailey,* 214 N. C., 159, 198 S. E., 654. The defendant bank succeeded Willie Bailey as administrator of the estate of Bettie Bailey, and the defendant sheriff is the successor in office of the sheriff named in the former suit. The additional parties plaintiff derive their title as tenants for life from the same source as the plaintiff Page C. Keel, who owns the remainder in fee in the land in question. It was held in the former suit that the lien of the judgment, under which the execution sought to be restrained was issued, was superior to the deed of trust under which plaintiffs claim. In this action the former judgment was pleaded as *res judicata.* Temporary restraining order was issued, but upon the hearing the restraining order was dissolved. The court below found the facts, and, upon those facts, adjudged that the decision in the former suit was *res judicata,* and that defendants were entitled to proceed to enforce the judgment in favor of the estate of Bettie Bailey.

The plaintiffs made no objection to any of the findings of fact made by the court below, and only excepted to the signing of the judgment. The facts found by the judge who heard the matter fully support his conclusions and judgment. These findings established the fact that all the matters and things alleged in the complaint have been fully adjudicated in the action entitled "Page C. Keel *v.* Willie Bailey, Administrator of Estate of Bettie Bailey," and that the same questions concerning the same subject matter, by substantially the same parties, were here sought to be relitigated, and that the additional parties plaintiff were in privity with the original plaintiff, not only in estate, but by agreement.

The judge below further found, upon consideration of matters transpiring in his court, which are fully set out, that this action was not being prosecuted in good faith; that the judgment referred to has not been satisfied; and that the judgment debtor has no other property to which the judgment can attach, except the Dawes tract owned by plaintiffs; and that plaintiffs have failed to show any other property subject to the lien of the judgment.

Predicated upon these findings, it was adjudged that the restraining order be dismissed; that the judgment was a valid lien on the plaintiffs' land, and that the administrator had suffered damage in the sum of $18.20. The court further adjudged that the facts found constituted a determination of the entire controversy, which was for the sole purpose of restraining the sale under execution, and the action was thereupon dismissed at the cost of the plaintiffs.

There was no objection to any of the findings of fact made by the court below, and they are presumed to be correct.   *Wentz v. Land Co.,* 193 N. C., 32, 135 S. E., 480; *Smith v. Mineral Co.,* 217 N. C., 346, 8 S. E. (2d), 225; *Rosser v. Matthews,* 217 N. C., 132, 6 S. E. (2d), 849.   The facts found support the judgment.   The only exception was to the signing of the judgment.   *Query v. Ins. Co.,* 218 N. C., 386.   No error appears on the face of the record.

The judgment is

Affirmed.