S. E. HIGH, ADMINISTRATOR OF JOHN A. PEARCE, DECEASED, v. THOMAS
PEARCE, ANNIE PEARCE, ET AL.

(Filed 5 November, 1941.)

**1. Dower § 8a—**

Proceedings for the allotment of dower must be brought in the county
in which deceased was domiciled at the time of his death.

**2. Same—C. S., 74, relating to sale of lands to make assets, does not affect
jurisdiction of proceedings to allot dower by metes and bounds.**

Deceased died seized of lands lying in two counties. An administrator
was appointed in the county of his residence. The administrator insti-
tuted proceedings in the other county to sell lands to make assets. C. S.,
74. The widow appeared therein asking that the lands be sold subject to
dower and averring that she would later institute proceedings for the
allotment of dower by metes and bounds. The clerk, with the widow's
consent, ordered that the widow's dower be allotted and that the remain-
ing lands be sold to make assets, and a sheriff and jury from that county
went into the county of deceased's residence and allotted dower by metes
and bounds. *Held:* Not only was the allotment of dower by the sheriff
and the jury from the other county invalid, but the clerk of such other
county was without authority to enter the order for the allotment of
dower notwithstanding he had jurisdiction of the proceedings to sell lands
to make assets, and might have ordered the lands sold subject to dower,
the only provisions of C. S., 74, giving the clerk jurisdiction in regard to
dower in lands outside his county being where the widow consents that
the lands be sold clear of dower and that a certain part of the proceeds
of sale be set apart to her in commutation of dower.

**3. Clerks of Court § 3—**

The clerk of the Superior Court has only that jurisdiction, both as to
subject matter and the territory in which it may be exercised, which is
conferred upon him by statute, and his order affecting lands in another
county is void in the absence of express statutory authority.

**4. Courts § 1a—**

Jurisdiction over the subject matter may not be conferred upon a court
by consent, and therefore when a clerk of a Superior Court enters an
order affecting lands in another county without statutory authority, the
order is void notwithstanding that respondent appeared and consented
that the clerk might hear the proceedings and enter the order.

**5. Judgments § 22h—**

An order entered by a court without jurisdiction of the subject matter
is void *ab initio* and may be treated as a nullity, anywhere, and at any
time.

**6. Estoppel § 6a—Fact that party sets up prior void order as defense does
not preclude him from thereafter attacking the void order.**

Deceased died intestate seized of land lying in two counties. The lands
lying in the county of his domicile were encumbered. Proceedings were

instituted in the county other than that of his domicile to sell the lands to make assets, C. S., 74, and in that proceeding it was ordered that the widow's dower be allotted in the home place and that the remaining lands of deceased should be sold. Prior to the date of sale the mortgagee foreclosed the mortgage. In the purchaser's action in ejectment the widow set up the defense that her dower had been allotted in the lands. *Held:* The futile attempt of the widow to set up her dower in the eject-ment action did not result in disadvantage to the administrator or to the purchaser at the foreclosure sale, and does not estop the widow from thereafter moving in the cause that the allotment of dower be set aside on the ground that it was void for want of jurisdiction.

WINBORNE, J., concurring in result.

STACY, C. J., and BARNHILL, J., join in concurring opinion.

APPEAL by Annie Pearce, widow, petitioner, from *Williams, J.,* Resi-dent Judge, Fourth Judicial District. Judgment signed 15 March, 1941, at Chambers.

John A. Pearce died a resident of Wilson County, owning lands in both Johnston and Wilson counties. Altogether he owned around eighty-five acres, about fifty-three acres of which lay in Wilson County. The Wilson County lands were encumbered by a first mortgage to the Federal Land Bank of Columbia for about $4,500, and by a second mortgage to the Bank of Lucama for $250.

S. E. High, Sr., cashier of the Lucama Bank, qualified as adminis-trator of Pearce and filed a petition in Johnston County to make assets to pay debts of the administration. In this petition he described three tracts of land, two of them lying in Johnston County and one lying in Wilson County. In his petition he sets up the aforementioned encum-brances on the Wilson County land, and also alleges that Annie Pearce, the widow of John A. Pearce, and a party to the proceeding, had a dower right in the lands of the decedent.

Annie Pearce admitted the allegations of the petition and did not resist the sale of the lands, but she asserted that she had a dower right in them and the right to have her dower allotted to her by metes and bounds. She therefore asked that the lands be sold subject to her dower and signified her intention of having the same allotted to her at a subsequent time by a proper proceeding instituted by herself. Upon this the clerk of the Superior Court of Johnston County ordered that her dower be allotted to her, reciting the admissions and allegations in the petition of a special proceeding, and that all persons having an interest had been made parties to such proceeding. He thereupon issued a "writ of dower" to the sheriff of Johnston County, who thereunder summoned three jurors, citizens and residents of Johnston County, to make the allotment; they proceeded to Wilson County, where the jurors allotted to Annie Pearce five acres of land, including the home but excluding parts of the curtilage.

Report of this allotment was made to the clerk of the Superior Court of Johnston County, and the clerk thereupon confirmed the allotment. No certification of the proceeding was made to Wilson County.

An order was then made to sell the lands of the decedent, both in Johnston and Wilson counties, and a sale thereof was advertised.

Meanwhile, prior to the sale day, S. E. High, Sr., it is alleged, foreclosed the Lucama Bank mortgage of $250 on all of the Wilson County lands, including the part allotted to the widow for dower, and S. E. High, Jr., son of the administrator, became the purchaser at the price of $275. On a subsequent proceeding brought by S. E. High, Jr., Annie Pearce was ejected from the land.

Thereafter, at the public sale, under the order of the clerk, only the two tracts of land in Johnston County were sold, and here again S. E. High, Jr., became the purchaser, at the price of $250.

On 5 January, 1940, Annie Pearce filed a petition and motion before the clerk of the Superior Court of Johnston County, asking that the allotment of dower under this proceeding be set aside as fraudulent, and void as a matter of law.

In her supporting petition she sets up that the administrator, S. E. High, Sr., was cashier of the Bank of Lucama, which held a second mortgage on the Wilson County lands; that his close friends were summoned on the jury which allotted the dower; that he brought about the sale of the Wilson County lands, some fifty acres, upon the Bank of Lucama mortgage after the lands had been advertised under the order of court, and that his son, S. E. High, Jr., became purchaser at the price of $275; that at the judicial sale of the Johnston County lands S. E. High, Jr., again became purchaser at the price of $250, thus acquiring all of the lands, worth at least $6,000, subject to the Land Bank mortgage, for $525.

She alleges that she had never assented to the allotment of dower in the Johnston County proceeding, but, on the contrary, specifically demanded that the lands be sold subject to dower, to the end that she might have the same allotted in a proper proceeding in a court of competent jurisdiction. She therefore contends in her petition that all the proceedings taken before the clerk of the Superior Court relative to the allotment of dower, as well as the steps taken therein in Wilson County by the sheriff of Johnston and the Johnston County jury making the allotment, were void for want of jurisdiction, and asks that the various orders, writs of dower, allotment and confirmation be set aside in order that she may proceed, as provided by law, to have her dower allotted.

The respondents, S. E. High and S. E. High, Jr., answer, denying any fraud or bad faith; they contend that the allotment of dower was in accordance with the statute, and valid, and was had and done with con-

sent of movant through her counsel; that the purchase price of the lands was determined by open sale; that the dower allotted to the widow was worth at least $1,250; and, by way of further defense, set up that movant is estopped by reason of the fact that she nowhere in the proceedings took any appeal, that she accepted and occupied the allotted dower, and especially that she set up dower in the proceeding brought by S. E. High, Jr., in which she was ejected from the premises.

The clerk denied the motion to set aside the allotment of dower, and, upon appeal, his order was affirmed by Williams, J., at chambers in Smithfield. From this judgment Annie Pearce appealed.

*A. M. Noble for petitioner, appellant.*

*G. A. Martin and W. J. Hooks for S. E. High, Jr., and S. E. High, administrator, appellees.*

SEAWELL, J. In the instant case, it does not appear that the experience of the widow with the law was a happy one. Entitled to a dower of one-third in value of around eighty-five acres of land, partly in Wilson and partly in Johnston counties, she was allotted five acres out of the Wilson County tract of thirty-three acres, which tract was sufficient in value under the appraisal of the Land Bank to justify a loan of about $4,500. In addition to this mortgage there was an additional mortgage to the Bank of Lucama of $250, under which this tract of land was sold by S. E. High, Sr., who was cashier of the bank, as well as administrator of the estate, and which was purchased by S. E. High, Jr., at a price which netted only $144, leaving "no equity" for the widow, although in the present proceeding the respondents aver that the small part allotted to the widow as dower was worth $1,250. The widow protests that she is not in the hands of her friends, but in the hands of those moving to the restriction or extinction of her dower in all the lands. After the sale under the Lucama Bank mortgage, the other lands of the decedent in Johnston County were sold and S. E. High, Jr., became the purchaser at $250, thus, as the movant contends, making S. E. High, Jr., the owner of the entire tract of land for $525, including the equities of the widow in a substantial margin of value, and putting him in a position to clear the Land Bank mortgage on easy payments.

We think more consideration might have been given to the widow, and indeed to the statute itself, in view of the beneficence which instigated the institution of dower, to have allotted her dower in other lands of which she could not be stripped so easily. However this may be, upon a consideration of the record we must eliminate the question of fraud as not supported thereby.

The real question upon which decision must rest is that of jurisdiction: Were acts of the clerk of the Superior Court of Johnston County, in allotting dower to the widow in lands situate in Wilson County, void for want of jurisdiction?

A proceeding for the allotment of dower is within the exclusive jurisdiction of the clerk of the Superior Court, except where it may come within the equity jurisdiction of the Superior Court proper, which jurisdiction still persists in appropriate cases despite the statute. *Efland v. Efland,* 96 N. C., 488, 1 S. E., 858. From early times it has been consistently held by this Court that a dower proceeding must be brought in the county of the residence of the decedent, which in this instance is Wilson County, where also the administrator qualified and filed his bond, and where the lands out of which movant's dower was allotted were situated. *Howell v. Parker,* 136 N. C., 373, 375, 48 S. E., 762, 763; *Askew v. Bynum,* 81 N. C., 350. The respondent in this case insists that this rule is changed by C. S., 74, relating to sale of the lands of a decedent to make assets to pay debts.

This section does deal with dower as a situation likely to be met with in a proceeding of that kind. It provides that where the lands are sold clear of the dower interest by consent of the widow, a certain part of the proceeds of the sale shall be set apart to her in commutation of dower, but it makes no provision for allotment of dower by metes and bounds. On the contrary, it provides that "nothing herein contained shall be construed to deprive the widow from claiming her dower by metes and bounds in her husband's land." The statute does not provide that such an allotment may be made as incidental to the proceeding to sell the lands to make assets nor does it directly or inferentially provide that the jurisdiction and allotment of dower shall be coincidental with that which the statute creates as a matter of convenience with respect to the proceeding to sell the lands. In its silence in this respect it contemplates that the proceeding for dower shall be had in accordance with law in the proper jurisdiction. Indeed, the proceeding to sell the lands does not necessarily involve any allotment of dower, since the land may be sold subject to dower. "An administrator's sale to pay unsecured debts does not affect the widow's dower, and a purchaser is put upon notice of these rights by the rule of *caveat emptor.*" 17 Am. Jur., 744. In her answer to the petition to sell the lands, the widow asserted her right to dower by metes and bounds, and asked that the land be sold subject to that dower in order that she might have it allotted to her according to law in a court of proper jurisdiction. We think she had that right. *Howell v. Parker, supra.* In this respect the proceeding before the clerk of the Superior Court of Johnston County was *coram non judice* and was void for want of jurisdiction. *Howell v. Parker, supra.*

We come now to consider the contention of respondent that Annie Pearce, through her attorney, gave consent to the procedure. If, indeed, she did so, it was ineffectual to confer jurisdiction. Since 1868 the clerk of the court has had no power except that which is given him by statute. Where judicial power or jurisdiction has been conferred upon him, his court is one of limited jurisdiction, both as to subject matter and the territory in which it may be exercised. *McCauley v. McCauley,* 122 N. C., 288, 292, 30 S. E., 344, 345. He has no more general jurisdiction of dower than he has of administration, the appointment of guardians, or any of the other proceedings, all of which are specially committed to his charge by statute to be exercised within the confines of his own county. An attempt, therefore, to extend his judicial acts beyond this limit in the absence of statutory authority raises a question not merely of venue, but of jurisdiction, both as to subject matter and territorial limits. It is well understood that consent will not give jurisdiction where the court has none of the subject matter. *Reaves v. Mill Co.,* 216 N. C., 462, 465, 5 S. E. (2d), 305, 306; *Hardware Co. v. Burtner,* 199 N. C., 743, 155 S. E., 733; *Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315; *Cary v. Allegood,* 121 N. C., 54, 28 S. E., 61; *Springer v. Shavender,* 118 N. C., 33, 23 S. E., 976.

Jurisdiction has been defined as "the power to hear and to determine a legal controversy; to inquire into the facts, apply the law, and to render and enforce a judgment," McIntosh, Practice and Procedure, sec. 5; *Patterson v. Freeman,* 132 N. C., 357, 43 S. E., 905; *Williams v. Williams,* 188 N. C., 728, 125 S. E., 482; "the right to adjudicate concerning the subject matter in a given case," 14 Am. Jur., p. 363; 21 C. J. S., p. 30.

Properly speaking, there can be no jurisdiction of the person where there is none of the subject matter, although the converse might indeed, and often does, occur. Where there is no jurisdiction of the subject matter the whole proceeding is void *ab initio* and may be treated as a nullity anywhere, at any time, and for any purpose. *Clark v. Homes,* 189 N. C., 703, 128 S. E., 20; *Carter v. Rountree,* 109 N. C., 29, 13 S. E., 716. Obviously, summons is ineffectual to bring a person into such a court; and if he comes voluntarily, it has no more effect than if he had walked into an empty hall. For this reason a discussion of that matter does not seem essential to a decision in the present case.

In view of the want of jurisdiction in the clerk, it is unnecessary to discuss the fact that the attempted allotment of dower was made in Wilson County by a sheriff and jury from Johnston County, which would in itself be sufficient to render it invalid. In order to avoid resumption of the proceeding by a court without authority, it is necessary to place decision on the broader principle.

On the question of estoppel, we do not think that the respondents have made a sufficient showing. Neither the administrator, S. E. High, nor the purchaser of the Wilson County property, S. E. High, Jr., was disadvantaged by the futile attempt made by Annie Pearce in the ejectment proceeding to assert her right of dower as against a title arising out of a mortgage in which she had released or conveyed that right. The plaintiff in that case won out, ejected the claimant, and honors became easy.

We conclude that the right of dower is still outstanding in petitioner, Annie Pearce, and the judgment of the court below to the contrary is

Reversed.

WINBORNE, J., concurring in result: Is the order of clerk of Superior Court of Johnston County for allotment of dower void? This is the decisive question on this appeal. If it be voidable, the judgment from which appeal is taken should be affirmed. But if it be void, the judgment should be reversed.

The only assignment of error in the record is based upon exception "to the signing and entering of the judgment." There is no exception to any specific finding of fact. The facts found in the judgment, if nothing else appeared upon the face of the record, would support the judgment. *Query v. Ins. Co.,* 218 N. C., 386, 11 S. E. (2d), 139; *Keel v. Trust Co.,* 219 N. C., 259, 13 S. E. (2d), 428.

However, looking beyond the judgment, it appears upon the face of the record proper, as admitted facts, that John A. Pearce, a resident of Wilson County, died seized of three tracts of land—one situated wholly in Wilson County, another wholly in Johnston County, and the third partly on each side of the dividing line between the two counties; that the administrator, appointed in Wilson County, instituted this proceeding in Johnston County, to sell the said three tracts of land to create assets to pay debts of the estate, to which proceeding the widow and heirs at law of intestate are parties; that, although Annie Pearce, the widow of John A. Pearce, through her attorney, David Isear, answering petition in said proceeding, asserted her right and election "to have her dower interest in said lands allotted by metes and bounds" which she would "perfect in apt time by a special proceeding for that purpose and in accordance with the statutes," her attorney consented to the allotment thereof in this proceeding—a fact which the court finds she agreed to "through her attorney, David Isear"; that the clerk of Superior Court of Johnston County, finding that Annie Pearce is entitled to dower, entered an order commanding the sheriff of said county to summon a jury, to allot and set apart to her, "according to law, her dower in the lands of her late husband—said lands being definitely described in the petition in this cause"; that pursuant thereto the sheriff selected a jury

of three, residents of Johnston County, who went over into Wilson County and allotted dower "around and including the old home place dwellings"—the report not designating in which county the home place is situated; and that no exceptions thereto were filed and the report was confirmed.

The judge below further finds that thereafter the widow "went into possession of the lands allotted to her as her dower"; and that later in an action instituted by the purchaser at the foreclosure of a mortgage deed, in which she joined, for possession of the tract of land in which her dower had been so allotted in this proceeding, the widow, through her attorneys, Wellons & Poole, filed a verified answer in which she "alleged that she was the owner and entitled to possession of the lands which were allotted to her as her dower and that said allotment was duly made pursuant to the order of the clerk of the Superior Court of Johnston County"; and that on trial judgment was rendered declaring title to said land to be in said purchaser, which judgment is pleaded here as an estoppel.

The judge below, being of opinion that the allotment of dower is valid, and that the widow is estopped to deny the validity of same, denied her motion and petition in the cause to set aside the allotment of dower.

Under these facts, is the order for allotment of dower as entered void? This Court said in *Ellis v. Ellis,* 190 N. C., 418, 130 S. E., 7, quoting from Freeman on Judgments (4 Ed., p. 176) that: " 'If a judgment is void, it must be from one or more of the following causes: (1) want of jurisdiction over the subject matter; (2) want of jurisdiction over the parties to the action, or some of them; or (3) want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second classes, the court acts without jurisdiction, while in those of the third class, it acts in excess of jurisdiction.' " And, continuing in same case, it is said: " 'When we speak of "jurisdiction of the subject matter," we do not mean merely cognizance of the general class of actions to which the action in question belongs, but we also mean legal power to pass upon and decide the particular contention which the judgment assumes to settle.' " Black on Judgments, Vol. 1 (2d Ed.), p. 271.

In the light of these principles, it does not appear to be controverted that the court acquired jurisdiction over the parties, nor does it appear to be as to the subject matter of the proceeding in so far as the purpose is to sell the lands to create assets to pay debts. C. S., 74, as amended by ch. 43 of Public Laws 1935. However, it is contended, and we think properly so, that the further provisions of C. S., 74, as amended by ch. 55 of Public Laws 1923, give jurisdiction as to dower only to the extent of providing for the interest of the widow in the event dower be sold, but that the proviso "that nothing herein contained shall be con-

strued to deprive the widow from claiming her dower by metes and bounds in her husband's land" leaves the jurisdiction of the subject matter of the allotment of dower "by metes and bounds" as is otherwise provided by statute. The rationale of such other statutes, and decisions of this Court construing them, tend to indicate that there should be only one proceeding for the allotment of dower, whether it is a dower proceeding or a proceeding for partition of land, in which widow is entitled to dower, C. S., 3226, and that proceeding in the county where "the dwelling house in which her husband usually resided" is situated. Consolidated Statutes, sections 4100, 4105, and 4106. *Askew v. Bynum,* 81 N. C., 350; *Howell v. Parker,* 136 N. C., 373, 48 S. E., 762; *Harrington v. Harrington,* 142 N. C., 517, 55 S. E., 409; *Vannoy v. Green,* 206 N. C., 77, 173 S. E., 277. See, also, *Seaman v. Seaman,* 129 N. C., 293, 40 S. E., 41; *Baggett v. Jackson,* 160 N. C., 26, 76 S. E., 86; *Dudley v. Tyson,* 167 N. C., 67, 82 S. E., 1025.

Hence, when the court, that is, the clerk of Superior Court of a county other than that wherein "the dwelling house in which her husband usually resided" is situated, assumes to order allotment of dower of a widow entitled thereto, it not only lacks "legal power to pass upon and decide the particular contention which the judgment assumes to settle" but "acts in excess of jurisdiction."

In this connection it may be noted that, in this State, dower and the provisions for the allotment thereof are wholly statutory. *Howell v. Parker, supra; Vannoy v. Green, supra.* It is also pertinent to note that in Revised Statutes of North Carolina (1837), ch. 121, sec. 2, and Revised Code of North Carolina (1854), ch. 118, sec. 3, it was provided that any widow, having claim to dower, might file her petition in the county or Superior Court of the county "where her husband shall have usually dwelt" praying that her dower might be allotted to her. But this provision as to the county in which the petition might be filed has not appeared in subsequent codifications. Yet provisions of pertinent statutes, relating to dower and to allotment of dower, tend to indicate legislative intent that petition for dower should be filed only in Superior Court of such county.

The statute, C. S., 4100, provides that a widow, entitled thereto, shall be endowed of one-third in value of all the lands, tenements and hereditaments whereof her husband was seized and possessed at any time during coverture, in which third part shall be included "the dwelling house in which her husband usually resided." This section further provides that the jury summoned for the purpose of assigning dower to a widow shall not be restricted to assign the same in every separate and distinct tract of land, but may allow her dower in one or more tracts, having a due regard to the interests of the heirs as well as the rights of the widow.

It is further provided therein that this section shall not be construed so as to compel the jury selected to allot dower to allot the dwelling house in which the husband usually resided, when the widow shall request that the same be allotted in other property.

Other statutes provide that the widow may apply for the assignment of dower by petition in the Superior Court, C. S., 4105, and that if dower be adjudged, it shall be assigned by a jury of three persons, qualified to act as jurors, who shall be summoned by the sheriff to meet on the premises, or some part thereof, and, after being sworn, shall proceed to allot and set apart to the widow her dower in said premises according to law and make report to the clerk of Superior Court. C. S., 4106. Moreover, when the husband dies seized and possessed of lands in any other county than that in which petition for dower is filed, the last section further provides a method by which the jury in such county, charged with the duty of assigning dower, shall be informed of the value of the lands lying in the other counties, to the end that this value may be considered in determining the dower to be allotted.

For these reasons, I concur in result of decision in this Court that judgment below be reversed.

STACY, C. J., and BARNHILL, J., join in this opinion.